IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTGOMERY ROAD I LIMITED PARTNERSHIP, <br><br> Plaintiff, <br><br> v. <br><br> VIAD CORP. <br><br> Defendant | Civil Action No. 1:06CV00344 (HHK) |

## ANSWER

Defendant Viad Corp. ("Viad") answers and responds to Plaintiff Montgomery Road I Limited Partnership's Complaint for Declaratory Judgment ("Complaint") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim on which relief may be granted.

### SECOND DEFENSE

1. Admit.

2. Defendant admits that the Superior Court for the District of Columbia was the proper venue for this matter before removal because the real property that underlies the contract issue is located in the District of Columbia.

3. Admit.

4. Admit.

5. Admit, except to state that the CPA speaks for itself and Plaintiff's summary characterizations of the document are denied.

1

6. The first sentence of paragraph 6 is denied to the extent that it alleges legal conclusions and characterizes the CPA. The second and third sentences of the paragraph are admitted.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7, and, for that reason, denies those allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8, and, for that reason, denies those allegations.

9. Defendant admits that there was an amendment made to the CPA as alleged in paragraph 9 but denies the characterizations and legal conclusions alleged in describing that document, which speaks for itself.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10, and for that reason, denies those allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first two sentences of paragraph 11, and for that reason, denies those allegations. The remaining allegations of paragraph 11 are denied.

12. The first sentence of paragraph 12 is admitted. The remaining allegations of paragraph 12 are denied.

13. Admit.

14. Defendant admits, as alleged in paragraph 14, that it has asserted that Plaintiff has overstated its calculation of equity and that under the definition of Appreciation Cash Flow in Section 3.1, the Developer's Equity Return is not a permitted subtraction, but it otherwise denies the allegations of paragraph 14.

15. Admit.

16. Admit.

17. The first two sentences of paragraph 17 are admitted. Defendant further admits that advice of an accountant was sought by the parties, but the allegations of paragraph 17 are otherwise denied.

18. Defendant admits that Plaintiff paid the accountant but otherwise denies the allegations of paragraph 18.

19. In response to the allegations of paragraph 19, Defendant admits that both parties submitted letters to the accountant and that Defendant has asserted that the advice to be received was not binding, but it otherwise denies the allegations of this paragraph.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 20, and for that reason, denies those allegations. With respect to the remaining allegations of the paragraph, the allegations are denied to the extent that they characterize the accountant's report, which speaks for itself.

21. Admit.

22. The response to paragraph 22 incorporates by reference the responses to paragraphs 1 through 21 above.

23. Deny.

24. Defendant admits that it has received certain financial reports from Plaintiff but otherwise denies the allegations of paragraph 24.

25. Defendant admits that it agreed to seek non-binding advice from an accountant but otherwise denies the allegations of paragraph 25.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first two sentences of paragraph 26, and for that reason, denies those allegations. The remainder of paragraph 26 states the claim for relief in this action, and Defendant denies that any such relief is appropriate or lawful.

And further, Defendant Viad denies each and every allegation of fact not here specifically admitted.

### THIRD DEFENSE

The advice of the accountant is not binding and was not the result of a contractual dispute resolution. That advice is irrelevant to the resolution of any dispute between the parties and is not admissible evidence.

### FOURTH DEFENSE

There is no actual controversy between the parties in that it is not ripe for review, and, accordingly, this Court should not declare the rights of the parties.

### FIFTH DEFENSE

The rights and obligations of the parties are set forth in the Cash Participation Agreement, and any declaration or interpretation of those rights should conform to and implement that Agreement. All of the requests for relief enumerated by Plaintiff in paragraph 26 are contrary to the plain meaning of the Cash Participation Agreement, and any such declaration or interpretation should so find.

WHEREFORE, Viad demands that the Complaint be dismissed and that all allowable costs be assessed against Plaintiff.

s/ Rodney F. Page
Rodney F. Page (D.C. Bar No. 37994)
BRYAN CAVE LLP
700 Thirteenth Street, NW Suite 700
Washington, DC 20005
Telephone: (202) 508-6000
Facsimile: (202) 508-6200

Attorney for Defendant
Viad Corp.

Dated: March 3, 2006