IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MONTGOMERY ROAD I, <br> LIMITED PARTNERSHIP, <br><br> Plaintiff, <br><br> v. <br><br> VIAD CORP., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action 06-00344 <br> ) (HHK) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Montgomery Road I Limited Partnership, by and through its undersigned counsel, Cooter, Mangold, Tompert, and Karas, L.L.P., hereby moves, pursuant to Fed. R. Civ. P. 15, for leave[1] to file their First Amended Complaint against Defendant VIAD Corp., and in support therefor, submits the accompanying Memorandum of Points and Authorities.

---

[1] Counsel for Plaintiff sought consent to file the First Amended Complaint from counsel for the Defendant. Consent could not be obtained however, because counsel for the Defendant was unable to reach a VIAD representative because of the upcoming Thanksgiving holiday.

S:\WPDOCS\GREENEBAUM & ROSE\Pleadings\Complaint (1st Amended) - Motion for leave to file.wpd

Respectfully submitted,

COOTER, MANGOLD, TOMPERT
 & KARAS, L.L.P.


_____/s/_____
Dale A. Cooter, Bar #227454
Donna S. Mangold, Bar #358851
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C.  20015
(202)537-0700
efiling@cootermangold.com
*Attorneys for Plaintiff*
*Montgomery Road I Limited*
*Partnership*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTGOMERY ROAD I, <br> LIMITED PARTNERSHIP, <br><br> Plaintiff, <br><br> v. <br><br> VIAD CORP., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action 06-00344 <br> )   (HHK) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Montgomery Road I Limited Partnership ("MLRP"), by and through its undersigned counsel, Cooter, Mangold, Tompert, and Karas, L.L.P., in support of their Motion for Leave to file their First Amended Complaint against Defendant VIAD Corp., states as follows:

Leave to amend a complaint under Rule 15(a) "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); see Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Firestone v. Firestone 76 F.3d 1205, 1208, 316 U.S.App.D.C. 152, 155 (C.A.D.C.,1996). Similarly, under Rule 15(d), a supplemental pleading may be filed setting forth transactions or events which have transpired since the original pleading was filed.

The original complaint involves a Cash Participation

Agreement ("CPA") which MLRP entered into with VIAD's predecessor (Transportation Leasing Company) in 1987. The CPA was entered into as part of a transaction whereby MLRP bought vacant property at 90 K Street, N.E., in the District of Columbia. Pursuant to the CPA, in the event of a sale of the property, and assuming a high enough sale price, VIAD is entitled to a 15% interest in the appreciated value of the property (which is subject to various deductions and offsets) ("Cash Appreciation Payment"). The original complaint sought a declaration regarding the proper computation of any such Cash Appreciation Payment, as MLRP's calculations had recently been challenged by VIAD in the context of a proposed sale which was not consummated. This case has progressed through paper discovery, the production of documents, and the depositions of the VIAD corporate representative and of Samuel Rose, one of the MLRP principals.

In August 2006, while this case was pending, MRLP received an offer to purchase 90 K Street, N.E. (the property at issue in the complaint) from an unrelated third party, TC MidAtlantic Development, Inc. ("TCMD"). The various agreements with TCMD also included the purchase of certain transferable development rights ("TDRs") that had been, or will be acquired in the future, by MRLP or by 45 L Street Venture, an affiliate

of MRLP.  The TDRs are valuable rights, in that they add density to the properties to which they are transferred.  VIAD is taking the position that, as a component of any Cash Participation Payment, VIAD is also entitled to 15% of the value of the TDRs included in the purchase by TCMD.  For this reason, Plaintiff is moving for leave to file its First Amended Complaint, which seeks a declaration that the TDRs are not to be considered in any Cash Appreciation Payment (see Count II of proposed First Amended Complaint, attached hereto).  In addition, the First Amended Complaint further articulates one of the accounting issues on which Plaintiff originally sought a declaratory judgment (¶ 37); and sets forth an alternative resolution on another of the accounting issues (¶ 36).

None of the usual reasons for denying leave to amend, *e.g.*, undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments or futility of amendment, *Foman,* 371 U.S. at 182, 83 S.Ct. at 230, is present here.  The First Amended Complaint is not interposed for any improper purpose, or to delay the trial of this matter, which has not yet been scheduled (the Pretrial is scheduled for May 2007).

Accordingly, and for the foregoing reasons, Plaintiff

respectfully requests that its Motion for Leave to File First Amended Complaint be granted.

        Respectfully submitted,

        COOTER, MANGOLD, TOMPERT
         & KARAS, L.L.P.


                /s/
        _____
        Dale A. Cooter, Bar #227454
        Donna S. Mangold, Bar #358851
        5301 Wisconsin Avenue, N.W.
        Suite 500
        Washington, D.C.  20015
        (202)537-0700
        efiling@cootermangold.com
        *Attorneys for Plaintiff*
        *Montgomery Road I Limited*
        *Partnership*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22nd day of November, 2006, a copy of the foregoing **PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** was sent by electronic mail to:

> Rodney F. Page, Esq.
> Alicia Hogges-Thomas, Esq.
> Bryan Cave LLP
> 700 Thirteenth Street, N.W.
> Suite 700
> Washington, D.C. 20005

> _____/s/_____
> Donna S. Mangold