**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **MONTGOMERY ROAD I LIMITED PARTNERSHIP,** | ) ) ) |
| Plaintiff and Counter Defendant | ) ) |
| v. | ) ) |
| **VIAD CORP.,** | ) ) |
| Defendant and Counterclaimant and Plaintiff on the Counterclaim | ) ) ) ) |
| v. | ) ) |
| **MONTGOMERY ROAD TDR, LLC A DISTRICT OF COLUMBIA LLC 5301 WISCONSIN AVENUE WASHINGTON, D.C. 20015** | ) ) ) ) |
| Additional Defendant on the Counterclaim | ) ) ) ) |

Case No. 1:06CV00344 (HHK)

**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED**
**COMPLAINT, AND COUNTERCLAIM OF DEFENDANT VIAD CORP**

Defendant Viad Corp ("Viad") answers and responds to Plaintiff Montgomery Road I Limited Partnership's ("MRLP's") First Amended Complaint for Declaratory Judgment as follows:

**ANSWER**

1. Admit.

2. Admit.

3. Admit.

4. Denied in that the proper name of the Defendant is "Viad Corp", not Viad Corporation. Otherwise admitted.

5.     Admit, except to state that the CPA speaks for itself and Plaintiff's summary characterizations of the CPA are denied.

6.     The first sentence of paragraph 6 is denied. The second and third sentences of the paragraph are admitted.

7.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7, and for that reason, denies those allegations.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8, and for that reason, denies those allegations.

9.     Defendant admits that there was an amendment made to the CPA as alleged in paragraph 9, but denies the characterizations and legal conclusions alleged in describing that document, which speaks for itself.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10, and for that reason, denies those allegations.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first two sentences of paragraph 11, and for that reason, denies those allegations. The remaining allegations of paragraph 11 are denied.

12.    The first sentence of paragraph 12 is admitted. The remaining allegations of paragraph 12 are denied.

13.    Admit.

14. Defendant admits, as alleged in paragraph 14, that it has asserted that Plaintiff has overstated its calculation of equity and that under the definition of Appreciation Cash Flow in Section 3.1, the Developer's Equity Return is not a permitted subtraction, but it otherwise denies the allegations of paragraph 14.

15. Admit.

16. Denied in that the proper name of the Defendant is "Viad Corp", not Viad Corporation. Otherwise admitted.

17. The fist two sentences of paragraph 17 are admitted. Defendant further admits that advice of an accountant was sought by the parties, but the allegations of paragraph 17 are otherwise denied.

18. Defendant admits that Plaintiff paid the accountant but otherwise denies the allegations of paragraph 18.

19. In response to the allegations of paragraph 19, Defendant admits that both parties submitted letters to the accountant and that Defendant has asserted that the advice to be received was not binding, but it otherwise denies the allegations of this paragraph.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 20, and for that reason, denies those allegations. With respect to the remaining allegations of the paragraph, the allegations are denied to the extent that they characterize the accountant's report, which speaks for itself.

21. Admit.

22. Admit.

23. Denied to the extent that Plaintiff's characterization of the transaction with TCMD suggests that it is appropriate for TDRs to be purchased through a separate agreement. Also denied to the extent that Plaintiff's description of TDRs suggests that TDRs are separate from the land. Otherwise admitted.

24. Admit.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the modification resulted in a purchase price reduction of approximately $5 million. Otherwise admitted.

26. Admit.

27. Admit.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 28, and for that reason, denies those allegations.

29. Denied.

30. Defendant admits only that the agreements between TCMD and MRLP state that the transaction is scheduled to close between January 2 and January 10, 2007.

31. The response to paragraph 31 incorporates by reference the responses to paragraphs 1 through 30 above.

32. Denied.

33. Defendant admits that it has received certain financial reports from the Plaintiff but otherwise denies the allegations of paragraph 33.

34. Defendant admits that it agreed to seek non-binding advice from an accountant but otherwise denies the allegations of paragraph 34.

35. Denied.

36. Defendant states that the Reznick Group opinion is not binding on the parties and denies that the relief requested in paragraph 36 is appropriate or lawful.

37. Defendant denies that the relief requested in paragraph 37 is appropriate or lawful.

38. The response to paragraph 38 incorporates by reference the responses to paragraphs 1 through 38 above.

39. Defendant admits the first sentence of paragraph 39 but denies the remainder of paragraph 39.

40. Denied.

41. Defendant admits only that the agreements between TCMD and MRLP state that the transaction is scheduled to close between January 2 and January 10, 2007.

42. Defendant denies that the relief requested in paragraph 42 is appropriate or lawful.

### General Denial

And further, Defendant Viad denies each and every allegation of fact not here specifically admitted.

### AFFIRMATIVE DEFENSES

By way of further answer, Defendant asserts the following defenses:

### First Defense

The First Amended Complaint fails to state a claim on which relief may be granted.

**Second Defense**

With respect to Count I, the advice of the accountant is not binding and was not the result of a contractual dispute resolution. That advice is irrelevant to the resolution of any dispute between the parties and is not admissible evidence.

**Third Defense**

The rights and obligations of the parties are set forth in the CPA, and any declaration or interpretation of those rights should conform to and implement that Agreement. All the requests for relief enumerated by Plaintiff in paragraphs 35, 36, 37 and 42 are contrary to the plain meaning of the CPA, and any such declaration or interpretation should so find.

**COUNTERCLAIM**

**Parties**

1.  Counterclaimant Viad Corp ("Viad") is a Delaware Corporation, with its principal place of business located in Phoenix, Arizona.

2.  Counter defendant Montgomery Road I Limited Partnership ("MRLP") is a Maryland Limited Partnership. MRLP owns the property located at First and K Streets, N.E. ("90 K Street" or "the Property").

3.  Additional Defendant on the Counterclaim Montgomery Road TDR, LLC ("MRTDR")is a District of Columbia Limited Liability Company, with its principal place of business located in Washington, DC. MRTDR is under common control with MRLP. The purpose of the company is to hold and sell transferable development rights ("TDRs") on behalf of MRLP with the intent of avoiding MRLP's contractual obligations to Viad.

**Jurisdiction and Venue**

4. This Court has personal jurisdiction over the parties to this counterclaim.

5. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367(a), based upon: (1) the Court's original jurisdiction over the underlying claim pursuant to 28 U.S.C. § 1332; and (2) because this Counterclaim relates to and forms part of the same case or controversy as the underlying claim.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**Count I: Declaratory Judgment – Transferable Development Rights**

7. In its First Amended Complaint, MRLP seeks a declaratory judgment that "TDRs" relating to 90 K Street, which it or its affiliate MRTDR own or acquire, are separable from the property, not included within the scope and meaning of the CPA, and are not to be included in calculating the Cash Appreciation Payment due to Viad upon sale of 90 K Street. This counterclaim seeks a declaratory judgment that MRLP's interpretation is incorrect, and that the total sale price of 90 K Street, including the value assigned by MRLP, MRTDR and the buyer for the transfer of TDRs is properly included in the calculation of the Cash Appreciation Payment.

8. TDRs are an aspect of the District of Columbia zoning laws applicable to 90 K Street and permit increased density on the property.

9. As a matter of law, the zoning of the property adheres to, vests in and is part of the land.

10. The definition of "property" in the Cash Participation Agreement ("CPA") encompasses TDRs because TDRs are improvements on the property and are an interest in the property.

11. MRLP itself has in the past interpreted the CPA to include TDRs in the calculation of the Cash Appreciation Payment. In its contract to sell the 90 K Street property to Level 3 Communications, LLC ("Level 3") in 2000, MRLP included "development rights" in its definition of property. The notice to Viad of that contract included both the cost of acquisition of TDRs and their value in sale in the terms tendered to Viad under the CPA.

12. At the time of the Level 3 agreement, MRLP already had purchased and assigned some TDRs on the 90 K Street property.

13. For purposes of submitting its annual financial statements under the CPA, MRLP identified and deducted the cost of acquiring the TDRs from the cash flow for 90 K Street. These financial statements were sent to Viad from 2001 to 2006.

14. MRLP has recorded its purchase of some of the 90 K Street TDRs in the District of Columbia land records.

15. In August 2006, MRLP signed an agreement with TC MidAtlantic Development, Inc. ("TCMD") for the sale of the 90 K Street property. At that time, TCMD also offered to purchase the adjacent property, which is located at 45 L Street, N.E.

16. As part of its sale of the 90 K Street property to TCMD, MRLP has sought to exclude Viad from participating in the appreciation cash flow (or net profit) from the sale of the TDRs by creating a separate contract for the TDRs, the so-called Agreement of Purchase and Sale of Transferable Development Rights.

17.  The separation of the TDRs from the land in 2006 is an attempt by MRLP to exclude from the calculation of the Cash Appreciation Payment a portion of the consideration paid for the land or for an interest in the land.

18.  Specifically, MRLP seeks to classify the amount identified in the sales contract for TDRs, $21,387,929.00, as excluded from the calculation of the Cash Appreciation Payment.

19.  MRLP has paid or will pay approximately $6 per square foot of buildable area for acquisition of the TDRs.  On information and belief, $6 per square foot is or is near the "fair market value" for TDRs in the District of Columbia.

20.  TDRs have little independent value – certainly none beyond the "fair market value" of their acquisition – unless and until they are assigned or designated to a specific property, such as 90 K Street, as required by law.

21.  The value assigned to the TDRs in selling or "flipping" them in a separate contract, as if they are not part of the 90 K Street property, is $68 per square foot.  The increased value, at $68 per square foot (an eleven plus fold increase over the purchase price of such TDRs), can only be achieved upon such TDRs (and associated floor area ratio – F.A.R./ buildable square footage on the site) being affixed to and running with the 90 K Street property.  Such value cannot be achieved by selling the TDRs independent of the 90 K Street property.  The attempt to treat the TDRs separately, without recognizing the value that can only be derived from their application to 90 K Street, is a blatant attempt by MRLP to deprive Viad of its contractual right to participate in the appreciated value of the property.  The separation of the sale of the TDRs into a separate contract is a sham.

9

22. MRTDR is the alter ego of MRLP and has the same owners.

23. MRTDR is an "Affiliate" and a "Person" under control of MRLP within the meaning of the CPA.

24. Under section 3.3 of the CPA, any payment made to an Affiliate of MRLP in connection with a sale of the property is included in the calculation of the Cash Appreciation Payment.

**Count II: Breach of the Implied Covenant of Good Faith and Fair Dealing**

25. Plaintiff realleges and incorporates by reference the facts and allegations set forth in paragraphs 1-24 above.

26. From 1987 to the present, representatives from MRLP continuously misrepresented the value of the 90 K Street property in conversations with Viad employees.

27. By misrepresenting the value of the 90 K Street property, MRLP representatives sought to convince Viad to relinquish its participation rights under the CPA for a cheap price.

28. According to the CPA, MRLP must provide yearly financial statements that detail the financial condition of the 90 K Street Property and that meet certain requirements set forth in the CPA. Among the requirements is that the financial statements be "consistent."

29. Between 1987 and the present, MRLP has taken multiple, sometimes contradictory, positions on the manner in which items should be classified in their financial statements. Each change in classification was intended to decrease the appreciation cash flow and, thus, the appreciation cash payment to Viad.

30.     The most recent financial statement, received by Viad in November 2006, is an attempt to decrease Viad's appreciation cash payment. This financial statement takes positions and classifies items in a manner that conflicts with the Reznick Opinion, which Plaintiff supposedly filed this suit to enforce, and it is inconsistent in material regards with prior financial submissions.

31.     Through its conduct, MRLP has acted in bad faith by intentionally evading the letter and spirit of the CPA.

32.     MRLP has sought to destroy Viad's right to receive the fruits of its contract.

### Count III: Attorneys Fees

33.     Section 7.4 of the CPA provides as follows:

> 7.4     Attorneys Fees. If either party hereto shall bring suit against the other as a result of any alleged breach or failure of the other party to fulfill or perform any covenants or obligations under this Agreement, then in such event, the prevailing party in such action shall, in addition to any other relief granted or awarded by the court, be entitled to judgment for reasonable attorney's fees incurred by reason of such action and all costs of suit and those incurred in preparation thereof at both trial and appellate levels.

34.     MRLP has breached and failed to fulfill or perform its covenants and obligations under the CPA.

35.     Viad requests that this Court award attorneys fees to Plaintiff, and such other relief as this court may deem proper.

WHEREFORE, Defendant and Counterclaimant Viad demands and requests that the First Amended Complaint be dismissed with prejudice, that reasonable attorneys fees be awarded to Viad under the terms of the Cash Participation Agreement, and that costs be assessed against Plaintiff.

AND FURTHER, that the Court declare the rights of the parties in connection with the calculation of the Cash Appreciation Payment under the terms of the Cash Participation Agreement, specifically that

A)   Reznick Opinion is not a binding interpretation and was advisory in nature only;

B)   The Developer's Equity Return is not a deduction in computing the Cash Appreciation Payment;

C)   The 1996 acquisition of the first mortgage debt by S & S Finance was a "refinancing" that should have triggered a Cash Appreciation Payment;

D)   Accounting for all payments under the Cash Participation Agreement must be on a "cash basis" only, and accounting by MRLP on any other basis is erroneous and contrary to the contract;

E)   The accounting for the property must be on a consistent basis;

F)   MRLP has failed to comply with the requirement of the Cash Participation Agreement with regard to its accounting practices and reports to Viad;

G)   TDRs acquired by MRLP and/or its affiliate MRTDR for use at 90 K Street are an interest in the property, and their sale shall be taken into account in the calculation of the Cash Appreciation Payment; and,

    H)    Such other and further relief as this Court may find just and appropriate.

        Respectfully Submitted,

        /s/   Rodney F. Page
        Rodney F. Page (D.C. Bar No. 37994)
        Alicia I. Hogges-Thomas (D.C. Bar No. 480548)
        Bryan Cave LLP
        700 Thirteenth Street, N.W.
        Washington, D.C. 20005-3960
        Phone: 202-508-6000
        Fax: 202-508-6200

        Attorneys for Defendant *Viad Corp*

Dated:  January 2, 2007