```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA
```

_____
MONTGOMERY ROAD I             )
LIMITED PARTNERSHIP,          )
                              )
         Plaintiff,           )
                              )   Case No. 1:06CV00344 (HHK)
    v.                        )
VIAD CORP,                    )
                              )
         Defendant.           )
_____)

**ANSWER OF MONTGOMERY ROAD I LIMITED PARTNERSHIP
AND MONTGOMERY ROAD TDR, LLC
TO DEFENDANT VIAD CORP.'S COUNTERCLAIM**

Plaintiff/Counterdefendant Montgomery Road I Limited Partnership ("MRLP") and Third-Party Defendant Montgomery Road TDR, LLC ("MRTDR"), by and through their undersigned counsel, hereby answer the Counterclaim of Viad Corp. ("Viad") as follows:

**PARTIES**

1. MRLP and MRTDR admit the allegations in Paragraph 1 of the Counterclaim.

2. MRLP and MRTDR admit the allegations in Paragraph 2 of the Counterclaim.

3. MRLP and MRTDR admit the first sentence of Paragraph 3 of the Counterclaim.  MRLP and MRTDR do not understand what is meant by the term "under common control with MRLP" used in the second sentence of Paragraph 3 of the Counterclaim and

therefore deny the second sentence. MRLP and MRTDR deny the third sentence of Paragraph 3 of the Counterclaim.

## JURISDICTION

4. MRLP and MRTDR admit the allegations in Paragraph 4 of the Counterclaim.

5. MRLP and MRTDR admit the allegations in Paragraph 5 of the Counterclaim.

6. MRLP and MRTDR admit the allegations in Paragraph 6 of the Counterclaim.

## COUNT I: DECLARATORY JUDGMENT - TRANSFERABLE DEVELOPMENT RIGHTS

7. In answer to the first sentence of Paragraph 7 of the Counterclaim, MRLP and MRTDR state that MRLP's First Amended Complaint speaks for itself. In answer to the second sentence of Paragraph 7 of the Counterclaim, MRLP and MRTDR state that Viad's Counterclaim speaks for itself and deny that Viad is entitled to the relief sought in its Counterclaim.

8. MRLP and MRTDR admit the allegations in Paragraph 8 of the Counterclaim.

9. The allegations of Paragraph 9 of the Counterclaim call for a legal conclusion and therefore MRLP and MRTDR deny the allegations in Paragraph 9 of the Counterclaim.

10. MRLP and MRTDR deny the allegations in Paragraph 10

of the Counterclaim.

11.  MRLP and MRTDR deny the allegations in Paragraph 11 of the Counterclaim.

12.  MRLP and MRTDR admit the allegations in Paragraph 12 of the Counterclaim.

13.  MRLP and MRTDR aver that for purposes of submitting its annual financial statements under the Cash Participation Agreement ("CPA"), MRLP identified and deducted the cost of acquiring only some of the TDRs from the cash flow for 90 K Steet.  MRLP and MRTDR admit that the financial statements were sent to Viad from 2001 to 2006.

14.  MRLP and MRTDR admit the allegations in Paragraph 14 of the Counterclaim.

15.  MRLP and MRTDR admit the allegations in Paragraph 15 of the Counterclaim.

16.  MRLP and MRTDR admit that the sales transaction with TCMD includes a separate contract (titled "Agreement of Purchase and Sale of Transferable Development Rights") for the TDRs, but MRLP and MRTDR otherwise deny the allegations in Paragraph 16 of the Counterclaim.

17.  MRLP and MRTDR deny the allegations in Paragraph 17 of the Counterclaim.

18.  MRLP and MRTDR admit the allegations in Paragraph

18 of the Counterclaim.

    19.    MRLP and MRTDR aver that MRLP has paid or will pay approximately $6 per square foot for acqisition of the TDRs. MRLP and MRTDR deny that $6 per square foot is at or is near the "fair market value" for TDRs in the District of Columbia.

    20.    MRLP and MRTDR deny the allegations in Paragraph 20 of the Counterclaim.

    21.    MRLP and MRTDR deny the allegations in Paragraph 21 of the Counterclaim.

    22. MRLP and MRTDR deny the allegations in Paragraph 22 of the Counterclaim.

    23.    MRLP and MRTDR deny the allegations in Paragraph 23 of the Counterclaim.

    24.    The CPA speaks for itself, and MRLP and MRTDR otherwise deny the allegations of Paragraph 24 of the Counterclaim.

    25.    MRLP and MRTDR reallege and incorporate by reference their statements set forth in paragraphs 1-24 above.

    26.    MRLP and MRTDR deny the allegations in Paragraph 26 of the Counterclaim.

    27.    MRLP and MRTDR deny the allegations in Paragraph 27 of the Counterclaim.

28. The CPA speaks for itself.

29. MRLP and MRTDR deny the allegations in Paragraph 29 of the Counterclaim.

30. MRLP and MRTDR deny the allegations in Paragraph 30 of the Counterclaim.

31. MRLP and MRTDR deny the allegations in Paragraph 31 of the Counterclaim.

32. MRLP and MRTDR deny the allegations in Paragraph 32 of the Counterclaim.

### COUNT III: ATTORNEYS FEES

33. The CPA speaks for itself.

34. MRLP and MRTDR deny the allegations in Paragraph 34 of the Counterclaim.

35. MRLP and MRTDR deny the allegations in Paragraph 35 of the Counterclaim.

WHEREFORE, MRLP and MRTDR deny that Viad is entitled to the relief it seeks in its Counterclaim.

### AFFIRMATIVE DEFENSES

1. Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad has failed to state a claim upon which relief can be granted.

2. Defendant/Counter-Plaintiff/Third-Party Plaintiff

Viad's claims are barred by the doctrine of waiver.

3. Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad's claims are barred by the applicable statute of limitations.

4. Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad's claims are barred by laches.

5. Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad's claims are barred by the doctrine of ratification.

6. Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad's claims are barred and estopped by the binding opinion of the independent accountant the Reznick Group.

7. The Declaration sought by the Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad is not supported by the terms of the Cash Participation Agreement.

WHEREFORE, Plaintiff/Counterdefendant Montgomery Road I Limited respectfully request that the Counterclaim be dismissed with prejudice, and that attorneys' fees and costs be assessed against Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad.

                                        Respectfully submitted,

                                        COOTER, MANGOLD, TOMPERT
                                         & KARAS, L.L.P.

                       /s/
Dale A. Cooter, Bar #227454
Donna S. Mangold, Bar #358851
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C.  20015
Phone:(202)537-0700
Fax:      (202)364-3664
efiling@cootermangold.com

*Attorneys for Plaintiff/Counterdefendant Montgomery Road I Limited Partnership and Third-Party Defendant Montgomery Road TDR, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of January, 2007, a copy of the foregoing ANSWER OF MONTGOMERY ROAD I LIMITED PARTNERSHIP AND MONTGOMERY ROAD TDR, LLC TO DEFENDANT VIAD CORP.'S COUNTERCLAIM was upon the following counsel, by electronic transmission through the ECF system:

> Rodney F. Page, Esq.
> Alicia Hogges-Thomas, Esq.
> Bryan Cave LLP
> 700 Thirteenth Street, N.W.
> Suite 700
> Washington, D.C. 20005

_____/s/_____

Donna S. Mangold