# EXHIBIT 39



# *Wilkes Artis*

Sarah E. Shaw
202.457.7305
sshaw@wilkesartis.com

*Chartered*
*Attorneys at Law*

Suite 300, 1666 K Street, NW
Washington, DC 20006-2803
202.457.7800
Fax: 202.457.7814

August 25, 2000

**Via Hand Delivery**

Mr. Michael Johnson
Zoning Administrator
Office of Zoning
Second Floor
941 N. Capitol Street, NE
Washington, D.C.

        Re:    Transfer of Development Rights (TDRs)
                from Square 321, Lot 27 to Square 674, Lot 32

Dear Mr. Johnson:

    Enclosed certified copies of the fully executed and recorded Certificates of Transfer of Development Rights for TDRs from Square 321 to Lot 27 (Transfers Number One, Two and Three). We are submitting this herewith as required by Section 1709.10 of the Zoning Regulations.

    Should you have any questions, please call Marty Sullivan (202/457-7820) or me (202/457-7305).

                Sincerely,

                Sarah E. Shaw

cc:    Alan Bergstein
        Andrew Altman

Enclosures

**MR 07470**

*Wilmes Artis*

Chartered
Attorneys at Law

*From the Desk of Sarah E. Shaw*

8/25/00

Bill Carmody --

Enclosed is the re-recorded certificate
of transfer No. 3 for your files.

Sarah

MR 07471

**I. Party Requesting Re-recording:**
Name:    Victor R. Larsen, III

(Please Print or Type)

Firm:    Wilkes Artis, Chartered
Address:    1666 K Street, N.W., #300, Washington, D.C. 20006
Telephone:    202-457-7800

**II. Property Description & Type of Document:**
Square(s):  674                    Lot(s): 432
Instrument #:    2000013413            Recording Date: 02/08/00

**III. Parties to Document:**
Grantor(s):    The Manufacturers Life Insurance company
Grantee(s):    Montgomery Road I Limited Partnership
Other:    District of Columbia

**IV. Reason(s) for Re-Recording (state with specificity and include the page(s) and line(s) where change(s) occur):**

Exhibit B to Certificate of Transfer of Development Rights (Transfer Number Three), the above-referenced instrument, is incorrect and incomplete in certain particulars. Corrections and additions are hereby made to the original recorded instrument to remedy the errors and omissions on said Exhibit B.

**V. A copy of the document before the change was made is required.**

**VI. Certification:**
I,    Victor R. Larsen, III                , hereby certify that the statement and representation made herein are correct and true and that no changes, modifications, or insertions have been made to the document referenced herein other than indicated above.  Furthermore, I hereby acknowledge that any false statement or misrepresentation that I make on this form is punishable by criminal penalties under the laws of the District of Columbia.

08/16/00
(Date)                                    (Signature)

Given under my hand and seal this the    16th    day of    August    , 20    00

(Notary Public)

ROD Form ADM/25
Revised 4/98
#207243

**MR 07472**

Doc# 2000013413

## CERTIFICATE OF TRANSFER OF DEVELOPMENT RIGHTS
### (Transfer Number Three)

THIS CERTIFICATE OF TRANSFER OF DEVELOPMENT RIGHTS
(TRANSFER NUMBER THREE) ("Certificate") is made as of
_October 1_____, 1999, by and between (i) **THE MANUFACTURERS LIFE
INSURANCE COMPANY**, a corporation organized under the laws of Canada, and its
successors and assigns, as seller of the TDRs (defined below) ("Seller"); (ii)
**MONTGOMERY ROAD I LIMITED PARTNERSHIP**, a Maryland limited
partnership, and its successors and assigns, as purchaser of the TDRs ("Purchaser"); and
(iii) the **DISTRICT OF COLUMBIA**, a municipal corporation acting in its own name,
or by and through its agencies, departments or instrumentalities, whether or not such
agencies, departments or instrumentalities are specifically identified in this Certificate
(collectively, "District"). Seller, Purchaser and the District hereby ratify, affirm and
agree to the following terms, conditions, covenants, warranties and obligations
(including, but not limited to, all Recitals contained herein). Seller, Purchaser and the
District hereinafter may be referred to individually as a "Party" and collectively as the
"Parties."

## RECITALS:

A.      Seller is the record owner of fee simple title to certain real property, and
the improvements thereon, located in the District of Columbia and known as Lot 27 in
Square 321 (as more particularly described on the attached Exhibit A, "Sending Lot").
Seller has provided to the District of Columbia Zoning Administrator ("Zoning
Administrator") an up-to-date title report evidencing that Seller has good and marketable
title in fee simple to the Sending Lot.

B.      Purchaser is the record owner of fee simple title to certain real property,
and the improvements thereon, located in the District of Columbia and known as Lot 432
in Square 674 (as more particularly described on the attached Exhibit B, "Receiving
Lot"). Purchaser has provided to the Zoning Administrator an up-to-date title report
evidencing the Purchaser has good and marketable title in fee simple to the Receiving
Lot.

C.      Pursuant to (i) the Zoning Regulations of the District of Columbia, 11
District of Columbia Municipal Regulations, Sections 1700 et seq. (as amended from
time to time, "Zoning Regulations") and all other applicable laws, rules and regulations,
and (ii) the Transfer of Development Rights Covenant dated February 25, 1994, and
recorded on September 1, 1994 as Instrument No. 9400070560 in the Land Records of
the Office of the Recorder of Deeds of the District of Columbia ("Land Records"), as
amended by Amendment to Transfer of Development Rights Covenant recorded on
August 13, 1997 as Instrument No. 9700054990 in the Land Records, and as further
amended by Second Amendment to Development Agreement recorded on August 13,
1997 as Instrument No. 9700054991 in the Land Records, and as further amended by

MR 07473

Amendment to Declaration of Covenants recorded on August 13, 1997 as Instrument No. 9700054992 in the Land Records (collectively, "TDR Covenant"), Seller desires to transfer 7,500 square feet of transferable development rights ("TDRs") from the Sending Lot to the Receiving Lot. Purchaser desires to accept such transfer of TDRs pursuant to the terms, conditions and covenants set forth in this Certificate and the Zoning Regulations.

D.    Seller has obtained the consent to this Certificate, and its covenants and obligations hereunder, from all parties with interests in the Sending Lot who or which could impair, delay, prevent or preclude the effectiveness of the provisions of this Certificate with respect to the Sending Lot.

E.    Purchaser has obtained the consent to this Certificate, and its covenants and obligations hereunder, from all parties with interests in the Receiving Lot who or which could impair, delay, prevent or preclude the effectiveness of the provisions of this Certificate with respect to the Receiving Lot.

NOW, THEREFORE, in consideration of the foregoing recitals, which are a material part of this Certificate, and the mutual terms, conditions and covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, Seller, Purchaser and the District agree to, and do hereby effect, the transfer of 7,500 square feet of TDRs from the Sending Lot to the Receiving Lot upon the following terms and conditions:

1.    **Purpose.** This Certificate constitutes (a) an instrument of transfer of 7,500 square feet of TDRs, pursuant to the Zoning Regulations, from the Sending Lot to the Receiving Lot, and (b) a declaration of covenants running with the land, which shall be binding on all Parties and all persons or entities claiming by, through and/or under any Party.

2.    **Effective Date.** This Certificate shall become effective immediately upon its recordation in the Land Records.

3.    **Seller's Representation.** Seller represents and warrants to the District as follows:

3.1    Seller has the full authority and legal capacity under the laws of the District of Columbia to enter into, and to perform each of its obligations under, this Certificate.

3.2    There are no restrictions or adverse claims of record regarding the use of, or otherwise relating to, the Sending Lot or any present or future estate or interest in the Sending Lot or any other obligation or encumbrance of any kind affecting the Sending Lot which would impair, delay, prevent or preclude the effectiveness of the provisions of this Certificate with respect to the Sending Lot.

- 2 -

MR 07474

4.    **Purchaser's Representations.** Purchaser represents and warrants to the District as follows:

4.1    Purchaser has the full authority and legal capacity under the laws of the District of Columbia to enter into, and to perform each of its obligations under, this Certificate.

4.2    There are no restrictions or adverse claims of record regarding the use of, or otherwise relating to, the Receiving Lot or any present or future estate or interest in the Receiving Lot or any other obligation or encumbrance of any kind affecting the Receiving Lot which would impair, delay, prevent or preclude the effectiveness of the provisions of this Certificate with respect to the Receiving Lot.

5.    **Transfer.** Seller hereby transfers 7,500 square feet of TDRs from the Sending Lot to the Receiving Lot.

6.    **Acceptance of Transfer.** Purchaser hereby acknowledges and accepts the transfer of 7,500 square feet of TDRs from the Sending Lot to the Receiving Lot.

7.    **Remaining TDRs.** Upon recordation of this Certificate to effect the transfer of 7,500 square feet of TDRs from the Sending Lot to the Receiving Lot, the TDRs available for transfer from the Sending Lot to other lots which qualify as a "receiving lot" or "receiving zone lot" pursuant to the Zoning Regulations shall be reduced from 136,081.44 to 128,581.44 square feet of TDRs, leaving that amount remaining available for transfer from the Sending Lot.

8.    **Effect of Transfer.** The Receiving Lot and Purchaser, having accepted the transfer of 7,500 square feet of TDRs to the Receiving Lot pursuant to the terms of this Certificate, now in perpetuity have 7,500 additional square feet of gross floor area ("GFA"), which are fully and unconditionally vested in the Receiving Lot (except as otherwise set forth in this Section 8), and which may be utilized on and incorporated into improvements to be constructed on the Receiving Lot or which may be further transferred from the Receiving Lot and vested in one or more "receiving lots" or "receiving zone lots" (each as defined in the Zoning Regulations), as though they were "matter of right" building density. The owner of the Receiving Lot shall be entitled to effect such transfer(s) and/or obtain all necessary permits and certificates of occupancy for the construction, use and occupancy of such improvements, notwithstanding and independent of any circumstance, condition or development related to the Seller or the Sending Lot; provided, however, the foregoing shall be subject to the condition that, within 30 calendar days of the full execution of this Certificate, the Parties shall file a certified copy of this Certificate with the Zoning Administrator (together with evidence of recordation hereof).

9.    **Real Covenants.** The covenants contained in this Certificate shall be (a) recorded in the Land Records, (b) construed as real covenants that run with land in perpetuity and (c) binding upon the Parties and their respective successors, heirs, administrators and assigns. Notwithstanding the immediately preceding sentence, the

- 3 -

**MR 07475**

covenants which run to the Sending Lot and the zoning requirements applicable to the Sending Lot, and any other action taken or omitted by Seller or any future owner(s) of the Sending Lot, (i) shall not be binding on Purchaser and/or the Receiving Lot (or any other lot or lots to which the TDRs may be transferred, or any lot or lots of which the Receiving Lot is or may become a part), (ii) shall not be enforceable or enforced against Purchaser and/or the Receiving Lot (or any other lot or lots to which the TDRs may be transferred, or any lot or lots of which the Receiving Lot is or may become a part), (iii) shall not be used as grounds for denying any permit or certificate of occupancy in connection with any development of the Receiving Lot or any other real property owned by Purchaser (or any other lot or lots to which the TDRs may be transferred, or any lot or lots of which the Receiving Lot is or may become a part), and (iv) shall have no effect whatsoever on Purchaser and/or the Receiving Lot (or any other lot or lots to which the TDRs may be transferred, or any lot or lots of which the Receiving Lot is or may become a part). Further notwithstanding the first sentence of this Section 9, the covenants which run to the Receiving Lot and the zoning requirements applicable to the Receiving Lot, and any other action taken or omitted by Purchaser or any future owner(s) of the Receiving Lot, (A) shall not be binding on Seller and/or the Sending Lot (or any lot or lots of which the Sending Lot is or may become a part), (B) shall not be enforceable or enforced against Seller and/or the Sending Lot (or any lot or lots of which the Sending Lot is or may become a part), (C) shall not be used as grounds for denying any permit or certificate of occupancy in connection with any development of the Sending Lot or any other real property owned by Seller (or any lot or lots of which the Receiving Lot is or may become a part), and (D) shall have no effect whatsoever on Seller and/or the Sending Lot (or any lot or lots of which the Sending Lot is or may become a part).

10.    **Further Assurances.** The Parties understand that no further consent or agreement is required for the transfer of the 7,500 square feet of TDRs effected by this Certificate; however, the Parties agree to perform such additional acts and to provide such additional assurances as may be necessary or convenient to fully implement the purposes and intent of this Certificate (including, without limitation, executing any additional documents which may be necessary or convenient to fully convey the 7,500 square feet of TDRs which are to inure to the benefit of the Receiving Lot).

11.    **Severability.** If any provision of this ~~Certificate, or any~~ application thereof, shall be held to be invalid, illegal or unenforceable in any respect, such provision shall be deemed severable and the validity, legality and enforceability of the remaining provisions of this Certificate, and any other application thereof, shall not in any way be affected or impaired, and such remaining provisions shall continue in full force and effect.

12.    **References to Parties.**

12.1    References in this Certificate to Seller, Purchaser or their respective "successors" or "assigns" shall be deemed to refer to the person or entity then holding title to, or a ground leasehold interest in, all or any portion of the Sending Lot or the Receiving Lot, as the case may be.

- 4 -

MR 07476

12.2    If Purchaser no longer holds title to the Receiving Lot, it shall have no further obligation under this Certificate except as to any liability which shall have accrued during the time Purchaser held title to the Receiving Lot.

12.3    If Seller no longer holds title to the Sending Lot, it shall have no further obligation under this Certificate except as to any liability which shall have accrued during the time Seller held title to the Sending Lot.

12.4    References in this Certificate to agencies, departments or instrumentalities of the District shall be deemed to include agencies, departments or instrumentalities succeeding to the jurisdiction thereof pursuant to the laws of the District.

13.    **Joint and Several Liability.** If there is more than one owner of either the Sending Lot or the Receiving Lot, then their respective obligations under this Certificate with respect to the Sending Lot or the Receiving Lot, as the case may be, shall be joint and several.

14.    **Modification and Amendments.** This Certificate shall not be modified or amended except by written instrument approved by the District and signed by each of the Parties. Any modification or amendment to this Certificate shall be in a form and content approved in writing by the Office of Corporation Counsel of the District of Columbia, which approval shall include a finding that such modification or amendment is consistent with the Zoning Regulations. Any such modification or amendment shall be promptly recorded in the Office of the Recorder of Deeds of the District of Columbia, with copies of such recorded instruments to be sent to the Zoning Administrator.

15.    **Exhibits.** All exhibits referred to in this Certificate hereby are incorporated herein by this reference and made an integral part of this Certificate.

16.    **Notices.** Any notice required or permitted to be given under this Certificate shall be in writing and shall be hand-delivered, delivered by overnight courier (with receipt acknowledged), or telecopied (and promptly confirmed in writing hand delivered or delivered by overnight courier) to the parties hereto at their respective addresses set forth below, or at such other address of which any party hereto shall notify the other parties in accordance with this Section 16, and shall be deemed given as of the time of receipt or refusal of receipt:

If to Seller:    The Manufacturers Life Insurance Company
555 12th Street, N.W.
Suite 1250
Washington, D.C. 20004
Attn: Steve Ferguson, Regional Director
Telecopy: 202/628-3008

- 5 -

MR 07477

With a copy to:         Arnold & Porter
555 12th Street, N.W.
Washington, D.C. 20004-1202
Attn: Michael D. Goodwin, Esq.
Telecopy: 202/942-5999

If to Purchaser:       Montgomery Road I Limited Partnership
c/o Greenebaum and Rose Associates
5301 Wisconsin Avenue, N.W.
Suite 510
Washington, D.C. 20015
Attn: Steve Braesch
Telecopy: 202/686-3617

With a copy to:         Wilkes, Artis, Hedrick & Lane, Chartered
1666 K Street, N.W.
Suite 1100
Washington, D.C. 20006-2866
Attn: Norman M. Glasgow, Jr.
Telecopy: 202/457-7814

If to the District:      Zoning Administrator
Office of the Zoning Administrator
Second Floor
941 North Capital Street, N.E.
Washington, D.C. 20002
Telecopy No.: 202/442-4863

and:

Director, Office of Planning
801 North Capitol Street, N.E.
4th Floor
Washington, D.C. 20002
Telecopy No.: 202/442-7638

with a copy to:         Chief, Land Use & Public Works Section
Office of Corporation Counsel
441 Fourth Street, N.W.
6th Floor North
Washington, D.C. 20001
Telecopy No.: 202/727-6014

17.    **Captions; Gender; Number.** Captions in this Certificate are for convenience of reference only and in no way limit, expand or define the scope of the terms of this Certificate. Use of any gender shall be deemed to include all genders and

- 6 -

**MR 07478**

also shall include corporations, partnerships and limited partnerships, as appropriate, and use of the singular shall be deemed to include the plural.

18. **No Other Agreements Binding on District.** Seller and Purchaser hereby represent and warrant to the District that, other than this Certificate, the Covenant and any order, rules and regulations of the District of Columbia relating to the subject matter of this Certificate, no agreement to which Seller or Purchaser, as the case may be, is party creates any obligation on the part of the District with respect to the subject matter of this Certificate.

19. **Miscellaneous.** This Certificate contains the entire understanding between the Parties with respect to the matters set forth herein and is intended to be an integration of all prior or contemporaneous agreements, conditions, undertakings, warranties or representations, oral or written, express or implied, between and among the Parties with respect to the matters contained herein (except as set forth herein). No purported or alleged waiver of any of the provisions of this Certificate shall be valid or effective unless in writing signed by the Party against whom it is sought to be enforced.

20. **Governing Law.** This Certificate shall be governed by and construed in accordance with the laws of the District of Columbia (without regard to conflicts of laws principles).

21. **Counterparts.** This Certificate may be executed in multiple counterparts, which shall be treated as originals for all purposes, and all so executed shall constitute one instrument, binding on all of the parties hereto, notwithstanding that all the parties are not signatory to the original or the same counterpart.

[signatures on following pages]

**MR 07479**

### SIGNATURE OF SELLER

**IN WITNESS WHEREOF,** as of the day and year first above written, The Manufacturers Life Insurance Company, a corporation incorporated under the laws of Canada, has caused these presents to be executed by _Stephen J. Ferguson_, its _Regional Director_, ~~and attested by~~ ~~~~, and does hereby appoint said _Stephen J. Ferguson_ as its true and lawful attorney-in-fact to acknowledge and deliver these presents as its act and deed.

**ATTEST:**                    **THE MANUFACTURERS LIFE INSURANCE COMPANY**

_____    By: _Stephen J. Ferguson_ [SEAL]
                               Name: STEPHEN J. FERGUSON
                               Title:  **Regional Director**

                    )
                    ) ss:
                    )

**BEFORE ME,** a Notary Public in and for the jurisdiction aforesaid, personally appeared this date _Stephen J. Ferguson_, personally well known (or satisfactorily proven by the oath of credible witnesses) to me to be the person whose name is subscribed to the foregoing and annexed Certificate of Transfer of Development Rights (Transfer Number Three), bearing date as of _October 1_, 1999, who being by me first duly sworn, did depose and state that s/he is the _Regional Director_ of The Manufacturers Life Insurance Company, a corporation incorporated under the laws of Canada, and the duly appointed attorney-in-fact for said corporation in the foregoing and annexed instrument, and that s/he, being duly authorized so to do, executed and delivered the foregoing and annexed instrument in the name and on behalf of said corporation and acknowledged the same to be its free act and deed for the uses and purposes therein contained.

**WITNESS** my hand and official seal this _1st_ day of _October_, 1999.

                    _Deanna L. Auerbach_
                    Notary Public

[Notarial Seal]               DEANNA L. AUERBACH
                         NOTARY PUBLIC DISTRICT OF COLUMBIA
                         My Commission Expires February 28, 2003
My Commission Expires: _____

- 8 -

**MR 07480**

## SIGNATURE OF PURCHASER

**IN WITNESS WHEREOF**, as of the day and year first above written, Montgomery Road, Inc., a _____ corporation and the general partner of Montgomery Road I Limited Partnership, a Maryland limited partnership, has caused these presents to be executed by _Samuel G. Rose_____ , its _Vice President_ , and attested by _____ its _____ and does hereby appoint said _Samuel G. Rose_____ as its true and lawful attorney-in-fact to acknowledge and deliver these presents as its act and deed.

**ATTEST:**

 

_____

**MONTGOMERY ROAD I LIMITED PARTNERSHIP**

By:    Montgomery Road, Inc., its general partner

By: _Samuel Rose_ [SEAL]
Name: Samuel G. Rose
Title:   Vice President

_District of Columbia_    ) <br>              ) ss: <br>              )

**BEFORE ME**, a Notary Public in and for the jurisdiction aforesaid, personally appeared this date _Samuel G. Rose_____ , personally well known (or satisfactorily proven by the oath of credible witnesses) to me to be the person whose name is subscribed to the foregoing and annexed Certificate of Transfer of Development Rights (Transfer Number Three), bearing date as of _October 1_____ , 1999, who being by me first duly sworn, did depose and state that s/he is the _Vice President_ of Montgomery Road, Inc., a _____ corporation and the general partner of Montgomery Road I Limited Partnership, a Maryland limited partnership, and the duly appointed attorney-in-fact for said corporation in the foregoing and annexed instrument, and that s/he, being duly authorized so to do, executed and delivered the foregoing and annexed instrument in the name and on behalf of said corporation and acknowledged the same to be its free act and deed for the uses and purposes therein contained.

**WITNESS** my hand and official seal this _1st_ day of _October_____ , 1999.

_Susan Rice_
Notary Public

SUSAN RICE
[Notarial Seal] Notary Public, District of Columbia
My Commission Expires My Commission Expires June 30, 2000

- 9 -

**MR 07481**

## SIGNATURE OF DISTRICT

IN WITNESS WHEREOF, the Mayor of the District of Columbia, having first considered and approved the foregoing and annexed Certificate of Transfer of Development Rights (Transfer Number Three), has directed the execution thereof in the name of said District of Columbia, by the Secretary of the District of Columbia, who has hereunder set his/her hand and affixed the seal of the District of Columbia under the authority of the Act of Congress entitled "An Act to Relieve the Commissioners of the District of Columbia of Certain Ministerial Duties," approved February 11, 1932.

ATTEST:

DISTRICT OF COLUMBIA, a municipal corporation

By: _Beverly A. Rivers_

[SEAL]

Secretary of the District of Columbia

Approved as to form and content:

By: _Patricia McCoy_

Asst.    Corporation Counsel, District of Columbia

- 10 -

MR 07482

)
) ss:
)

BEFORE ME, a Notary Public in and for the jurisdiction aforesaid, personally appeared this date _Beverly P. Rivers_ personally well known (or satisfactorily proven by the oath of credible witnesses) to me to be the individual who executed the foregoing and annexed Certificate of Transfer of Development Rights (Transfer Number Three), bearing date as of _October 1_, 1999, who, being by me first duly sworn, did depose and state that s/he is a party to the foregoing and annexed instrument, and s/he acknowledged the same to be its free act and deed for the uses and purposes therein contained.

WITNESS my hand and official seal this _19th_ day of _January_, _2010_.

_Evelyn W. Henry_
Notary Public

[Notarial Seal]

My Commission Expires: _June 30, 2000_

- 11 -

**EXHIBIT A**
**(Description of Sending Lot)**


Lot 27 in Square 321 in the subdivision made by The Manufacturers Life Insurance Company, as per plat recorded in the Office of the Surveyor of the District of Columbia in Plat Book 189 at page 122.

MR 07484

**EXHIBIT B**
**(Description of Receiving Lot)**

674
Lot 432 in Square 675, as per plat recorded among the Records of the Office of the Surveyor for the District of Columbia in Book 146, page 82.

**MR 07485**



Doc# 2000013413
# Pages 13
02/?^ '00  02:44:41 PM
Filed     corded in
Offic.    .ecords of
WASHINGTON D.C. RECORDER OF DEEDS
HENRY M. TERRELL
RECORDER OF DEEDS
Fees $75.00

COMMERCIAL SETTLEMENTS, INC.
1413 K STREET, N.W.
SUITE 1200
WASHINGTON, D.C. 20005

99-1601 CPB

Doc# 2000073796
Book:
Pages:
Filed & Recorded
    08/17/2000  11:28:16 AM
HENRY M. TERRELL
RECORDER OF DEEDS
WASHINGTON D.C. RECORDER OF DEEDS
SURCHARGE         $    5.00
RECORDING         $   80.00

MR 07486

THIS IS TO CERTIFY THAT THIS IS A TRUE COPY

Recorder of Deeds, D.C

1 7 AUG 2000

MR 07487