**EXHIBIT 8**

RECEIVED FEB 2 3 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ORIGINAL

---------------------------------x
MONTGOMERY ROAD I                :
LIMITED PARTNERSHIP,             :
                                 :
     Plaintiff/                  :
     CounterDefendant,           :
                                 :
          v.                     :
                                 :
VIAD CORP.,                      :
                                 : No. 1:06CV00344(HHK)
     Defendant/                  :
     CounterPlaintiff,           :
                                 :
          v.                     :
                                 :
MONTGOMERY ROAD I                :
LIMITED PARTNERSHIP,             :
                                 :
     Defendant/                  :
     CounterPlaintiff.           :
---------------------------------x

                         Washington, D.C.
                    Thursday, February 15, 2007

Deposition of

                  CYNTHIA GIORDANO

a witness, called for examination by counsel for
Plaintiff/CounterDefendant pursuant to notice and
agreement of counsel, beginning at approximately
10:13 a.m. at the law offices of Cooter Mangold
Tompert & Karas, 5301 Wisconsin Avenue, NW,

2

1  Washington, D.C., before Christine Allen of Beta

2  Court Reporting, notary public in and for the

3  District of Columbia, when were present on behalf of

4  the respective parties:

5  APPEARANCES:

6     On behalf of Defendant/CounterPlaintiff:

7        RODNEY F. PAGE, ESQUIRE

         Bryan Cave, LLP

8        700 Thirteenth Street, NW

         Washington, D.C.  20005-3960

9        (202) 508-6002

10    On behalf of Plaintiff/CounterDefendant:

11       DALE A. COOTER, ESQUIRE

         Cooter Mangold Tompert & Karas

12       5301 Wisconsin Avenue, NW, Suite 500

         Washington, D.C.  20015

13       (202) 537-0700

14

15              C O N T E N T S

16  EXAMINATION BY:                          PAGE

17     Counsel for Plaintiff/CounterDefendant    3

18  DEPOSITION EXHIBITS:

19  No. 1 - Notice of Deposition              4

20  No. 2 - Giordano Expert Report            7

21

22                  *  *  *  *  *

1    of TDRs is comparable to this.

2            BY MR. COOTER:

3        Q    I hear you say that, but my

4    question -- look, this is not -- I'm not

5    trying to trick you.  If you were an

6    appraiser and you wanted to testify to the

7    value of something, a piece of ground; it

8    would be a standard question to say what are

9    your comps?  You understand that, don't you?

10            So I'm asking you the same

11   question.  If you have comparable --

12       A    Okay.  And what I'm explaining to

13   you is that there is no -- the notion of

14   comps here really doesn't apply because TDRs

15   can go to any site; they can be

16   re-transferred.  There is no -- any TDR is

17   comparable to any other TDR transaction.

18       Q    Are you able to point to any

19   comparable transactions other than what

20   you've told me so far?

21       A    I can tell you that I am aware

22   of -- you know, through my direct involvement

24

1   in the city?  Do you know?

2       A    I think there are five at this
3   time.

4       Q    One of which is the North Capitol
5   receiving zone?

6       A    Right.

7       Q    At the bottom -- at the last
8   paragraph on that page, you say: "Once a
9   project on the sending site is completed or
10  at least well underway, the owner of the
11  sending site can sell their TDRs to an owner
12  of a receiving site."

13           Now, I take it that the purchaser
14  of a TDR can also resell that TDR to another
15  owner of a building in a receiving zone.

16           Do you agree with that?

17      A    Yes.  It's in my report.

18      Q    Would you agree with me that these
19  TDRs which are available for purchase and
20  sale or resale are essentially commodities?

21      A    Yes.

22      Q    And if you go to a portion of your

1    the word "improvement."

2             MR. COOTER:  Go ahead.

3             MR. PAGE:  You can do so if you

4    think you're capable of answering that

5    question.

6             MR. COOTER:  If she's not capable

7    of telling me what an improvement on real

8    estate is, I want her to say that.

9             MR. PAGE:  Well, would you agree

10   that you're not asking her for an

11   interpretation of what "improvement" under

12   the cash participation --

13            MR. COOTER:  I'm asking what I'm

14   asking.

15            BY MR. COOTER:

16       Q    What do you believe to be an

17   improvement on real estate?

18       A    I mean, in a general -- you know,

19   sense, an improvement is usually a building

20   or a structure.

21       Q    Okay.  That's fine.  If we go to

22   the next paragraph on page 4, you talk about