**EXHIBIT 30**





VIAD CORP
1850 North Central Avenue
Phoenix, AZ 85077
602-207-4000

October 2, 2000

<u>Via Facsimile – (202) 686-3617</u>

Mr. Reid K. Liffmann
Greenebaum and Rose Associates
5301 Wisconsin Avenue, N.W.
Suite 510
Washington, D.C. 20015

    Re:    Transportation Leasing Co. Cash Participation Agreement
              90 K Street, Washington, D.C.

Dear Mr. Liffmann:

    Thank you for your letter of September 12, 2000 and revised special purpose financial statements.

    The information presented in your letter and the statements has created a host of issues which we are still in the process of analyzing. For example, we are looking into the following questions, among others:

    1.    Was the acquisition of the first mortgage by S & S Finance a "Refinancing" under the Cash Participation Agreement, which should have triggered an Appreciation Cash Payment (or an analysis of whether such a payment was due) under Article 3?

    2.    Is the reclassification from equity to debt of $7.3 million invested by your affiliated company appropriate or permitted under applicable financial accounting or tax accounting standards? Is the accrual of interest on that amount appropriate?

    3.    Was the classification as debt of $2 million of your affiliated company's first mortgage acquisition cost appropriate, or should this amount also be characterized as Developer's Invested Equity? Is the accrual of interest on that amount appropriate?

    These are difficult issues, and we may be consulting with Viad Corp's outside auditors for assistance on several of our questions.

    In the meantime, we see no reason why your sale transaction should suffer from the time needed to pursue these inquiries. We would be happy to release the lien of the Cash Participation Agreement if Greenebaum and Rose will agree to escrow a portion of the sales

DEP. E. FIORUCCI
(11/7/06)
EXH. # 6

VD-000944

proceeds to protect the potential Appreciation Cash Payment which Transportation Leasing Co. may be entitled to receive once the parties resolve these issues. In my letter of August 23, I suggested that if the error regarding the subtraction of Developer's Equity Return is corrected, there may be Appreciation Cash Flow of nearly $4.9 million in which TLC is entitled to participate. Based on that estimate, TLC would be willing to enter into an escrow agreement with Greenebaum and Rose and your escrow agent in the pending sale transaction, in which the amount of $735,000.00 of sale proceeds would be escrowed pending resolution of our dispute. In addition, TLC would want to reserve its right to collect from Greenebaum and Rose any additional amount which might become due if the Appreciation Cash Flow is determined to be greater than $4.9 million. Please confirm as soon as possible whether this solution will be acceptable, so that we can begin working on the escrow agreement and release documents.

Your letter of September 12 raised a number of collateral issues regarding the Cash Participation Agreement which I do not wish to pursue in detail at this time. However, let me point out that your implication regarding TLC's failure to suggest a distinction between Developers Equity Return and Developers Operating Equity in your internal bookkeeping documents is somewhat misguided, in that the distinction is only important when reviewing Appreciation Cash Flow, which TLC has never been asked to review until this transaction arose. I would also respectfully point out that it is not TLC's duty to advise your firm how to conduct its internal bookkeeping.

Please let me know how you wish to go forward in resolving these issues.

Very truly yours,

Kenneth P. Goldman
Director Real Estate

cc:   Eve Fiorucci
      S. Mann

VD-000945