**EXHIBIT 47**

DEPOSIT AGREEMENT

THIS DEPOSIT AGREEMENT ("Agreement") is made and entered into this 20th day of December, 2006, by and among MONTGOMERY ROAD I LIMITED PARTNERSHIP ("MRLP"), a Maryland limited partnership, VIAD CORP ("VIAD"), a Delaware corporation, COOTER, MANGOLD, TOMPERT & KARAS, LLP, and BRYAN CAVE LLP. Cooter, Mangold, Tompert & Karas, LLP and Bryan Cave LLP are hereinafter collectively referred to as "Joint Custodians." Reference is made to that certain Cash Participation Agreement executed November 30, 1987 and December 7, 1987 (the "CPA") between MRLP and Transportation Leasing Co. ("TLC"), a California corporation, whose assets are now liquidated. VIAD is the parent company and successor in interest to TLC, and has been assigned TLC's rights under the CPA. The alphabetized terms used in this Agreement, unless otherwise defined, shall have the meanings set forth in the CPA.

1. MRLP and VIAD are parties to ongoing litigation in the United States District Court for the District of Columbia involving the CPA, captioned <u>Montgomery Road I Limited Partnership v. VIAD Corp</u>, Civil Action 06-00344 (HHK)(the "Litigation").

2. In August and November 2006, MRLP executed various agreements relating to the sale of 90K Street ("the Sale") with TC MidAtlantic Development, Inc. ("TCMD"). MRLP and VIAD are in disagreement with respect to the amount which MRLP is obligated to pay VIAD under the CPA, if anything, as a result of the Sale.

3. MRLP and VIAD have agreed that, to facilitate the Sale, and in exchange for VIAD's execution and delivery of certain Release Documents described below, MRLP will cause a deposit to be made in the amount of Four Million, Five Hundred Thousand Dollars ($4,500,000) (the "Deposit"), to be deposited and held as collateral for some or all liability of MRLP to VIAD under the CPA, if any.

4. MRLP and VIAD hereby engage the Joint Custodians to serve as escrow agents with respect to the Deposit to be made by MRLP, and Joint Custodians hereby accept such engagement, provided, however, that the parties acknowledge that neither Joint Custodian assumes or accepts any duties, liabilities or responsibilities beyond those each has already assumed as attorney for one of the parties to the Litigation.

5. Joint Custodians agree to place the Deposit into an interest-bearing account (the "Account") in BB&T Bank, under the joint control of Joint Custodians.

6. The Deposit shall be funded by the proceeds of the Sale between MRLP and TCMD, and funds in the amount of the Deposit shall be transferred by MRLP (or at its direction) to the Escrow Account within two business days of the funds being available to MRLP.

7. Interest shall be maintained in the Account until distribution pursuant to future agreement of MRLP and VIAD, or until order of the Court in the Litigation. Any interest accrued on the Deposit shall be shared by MRLP and VIAD in the same proportion that the

      Deposit is disbursed under this Agreement, unless otherwise agreed to between MRLP and VIAD, or determined by the Court in the Litigation.

8. Upon final resolution of the Litigation, by final order of judgment or of dismissal or by agreement of the parties, any amount payable to VIAD by MRLP shall be paid by Joint Custodians from the Deposit (to the extent thereof), and any remaining Deposit shall be returned to MRLP (or its assignee).

9. Simultaneously with the execution of this Agreement, VIAD shall deliver to LandAmerica Commercial Services, 1015 15th Street, NW Suite # 300, Washington, DC 20005 (the title company for the settlement of the Sale), the documents attached as Exhibit A (the "Release Documents"), fully executed and notarized. VIAD hereby authorizes LandAmerica Commercial Services to file the Release Documents to effectuate the settlement of the Sale.

10. The creation of the Deposit under this Agreement shall not establish, enlarge, or limit any obligation or liability of MRLP under the CPA. Further, neither the establishment of the Deposit, nor its amount, can be used as evidence of any issue relating to MRLP's obligation under the CPA, or the amount of any obligation. The creation of the Deposit and this Agreement shall not limit, alter, waive or enlarge any argument or legal position taken or to be taken by either party to the Litigation.

11. Copies of all notices given by any party hereunder shall be delivered in person or mailed, postage prepaid, to all other parties hereto, to the following addresses:

| | |
|---|---|
| To MRLP: | Montgomery Road I Limited Partnership<br>c/o Greenebaum & Rose Associates, Inc.<br>5301 Wisconsin Avenue, N.W., Suite 510<br>Washington, DC 20015 |
| with a copy to: | Cooter, Mangold, Tompert & Karas, LLP<br>5301 Wisconsin Avenue, N.W.,<br>Suite 500<br>Washington, DC 20015<br>Attn: Donna S. Mangold, Esquire |
| To VIAD: | VIAD Corp<br>1850 North Central Avenue, Suite 800<br>Phoenix, Arizona 85004-4545<br>Attn: Kenneth P. Goldman |

2

|                     |                                                                                                                                  |
|---------------------|----------------------------------------------------------------------------------------------------------------------------------|
| with a copy to:     | Bryan Cave LLP<br>700 Thirteenth Street, N.W.<br>Suite 700<br>Washington, D.C. 20005<br>Attn: Rodney F. Page, Esquire             |
| To Joint Custodians: | Cooter, Mangold, Tompert & Karas, LLP<br>5301 Wisconsin Avenue, N.W., Suite 500<br>Washington, DC 20015<br>Attn: Donna S. Mangold, Esquire |
|                     | Bryan Cave LLP<br>700 Thirteenth Street, N.W.<br>Suite 700<br>Washington, D.C. 20005<br>Attn: Rodney F. Page, Esquire             |

12. The instructions contained herein may not be modified, amended or altered in any way except by a writing (which may be in counterpart copies) signed by MRLP, VIAD and Joint Custodians.

13. This Agreement is intended solely to supplement and implement the provisions of the CPA and is not intended to modify, amend or vary the rights or obligations of MRLP and VIAD under the CPA.

14. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument; provided, however, in no event shall this Agreement be effective unless and until signed by all parties hereto.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement pursuant to due authority as of the date first written above.

        MONTGOMERY ROAD I LIMITED
        PARTNERSHIP

        By: Montgomery Road, Inc.,
        General Partner

        By: _____
        Samuel G. Rose
        Vice President


        VIAD Corp



        By: _____


        <u>JOINT CUSTODIANS</u>:

        COOTER, MANGOLD, TOMPERT &
        KARAS, L.L.P.

        By: _____
        Donna S. Mangold



        BRYAN CAVE LLP


        By: _____
        Rodney F. Page

4

IN WITNESS WHEREOF, the parties hereto have executed this Agreement pursuant to due authority as of the date first written above.

MONTGOMERY ROAD I LIMITED
PARTNERSHIP

By: Montgomery Road, Inc.,
General Partner


By:_____


VIAD Corp

By:_____

JOINT CUSTODIANS:

COOTER, MANGOLD, TOMPERT &
KARAS, L.L.P.


By:_____
Donna S. Mangold


BRYAN CAVE LLP

By:_____
Rodney F. Page

4