IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTGOMERY ROAD I LIMITED PARTNERSHIP,<br><br>    Plaintiff/<br>    Counter-Defendant,<br><br>v.<br><br>VIAD CORP,<br><br>    Defendant/<br>    Counter-Plaintiff/<br>    Third-Party Plaintiff<br><br>v.<br><br>MONTGOMERY ROAD TDR, LLC,<br>    Third-Party Defendant, | Case No. 1:06CV00344 (HHK)<br><br>Next Event: May 11, 2007<br>Scheduling Conference |

**ANSWER OF MONTGOMERY ROAD I LIMITED PARTNERSHIP
AND MONTGOMERY ROAD TDR, LLC
<u>TO DEFENDANT VIAD CORP.'S AMENDED AND SUPPLEMENTAL COUNTERCLAIM</u>**

Plaintiff/Counterdefendant Montgomery Road I Limited Partnership ("MRLP") and Third-Party Defendant Montgomery Road TDR, LLC ("MRTDR"), by and through their undersigned counsel, hereby answer the Amended and Supplemental Counterclaim of Viad Corp. ("Viad") as follows:

<u>**PARTIES**</u>

1.  MRLP and MRTDR admit the allegations in Paragraph 1 of

1

the Amended Counterclaim.

2. MRLP and MRTDR admit the allegations in Paragraph 2 of the Amended Counterclaim.

3. MRLP and MRTDR admit the first sentence of Paragraph 3 of the Amended Counterclaim.  MRLP and MRTDR do not understand what is meant by the term "under common control with MRLP" used in the second sentence of Paragraph 3 of the Amended Counterclaim and therefore deny the second sentence. MRLP and MRTDR deny the third sentence of Paragraph 3 of the Amended Counterclaim.

## **JURISDICTION**

4. MRLP and MRTDR admit the allegations in Paragraph 4 of the Amended Counterclaim.

5. MRLP and MRTDR admit the allegations in Paragraph 5 of the Amended Counterclaim.

6. MRLP and MRTDR admit the allegations in Paragraph 6 of the Amended Counterclaim.

## **COUNT I: DECLARATORY JUDGMENT – TRANSFERABLE DEVELOPMENT RIGHTS**

7.  In answer to the first sentence of Paragraph 7 of the Amended Counterclaim, MRLP and MRTDR state that MRLP's First Amended Complaint speaks for itself.  In answer to the second sentence of Paragraph 7 of the Amended Counterclaim, MRLP and MRTDR state that Viad's Amended Counterclaim speaks for itself and deny that Viad is entitled to the relief sought in its Amended Counterclaim.

8. MRLP and MRTDR admit the allegations in Paragraph 8 of the Amended Counterclaim.

9. The allegations of Paragraph 9 of the Amended Counterclaim call for a legal conclusion and therefore MRLP and MRTDR deny the allegations in Paragraph 9 of the Amended Counterclaim.

10. MRLP and MRTDR deny the allegations in Paragraph 10 of the Amended Counterclaim.

11. MRLP and MRTDR deny the allegations in Paragraph 11 of the Amended Counterclaim.

12. MRLP and MRTDR admit the allegations in Paragraph 12 of the Amended Counterclaim.

13. MRLP and MRTDR aver that for purposes of submitting its annual financial statements under the Cash Participation Agreement ("CPA"), MRLP identified and deducted the cost of acquiring only some of the TDRs from the cash flow for 90 K Steet. MRLP and MRTDR admit that the financial statements were sent to Viad from 2001 to 2006. The cost of the TDRs have been omitted from the revised financial statements that were prepared in November 2006 and transmitted to Viad.

14. MRLP and MRTDR admit the allegations in Paragraph 14 of the Amended Counterclaim.

15. MRLP and MRTDR admit the allegations in Paragraph 15 of the Amended Counterclaim.

16. MRLP and MRTDR admit that the sales transaction with TCMD includes a separate contract (titled "Agreement of Purchase and Sale of Transferable Development Rights") for the TDRs, but MRLP and MRTDR otherwise deny the allegations in Paragraph 16 of the Amended Counterclaim.

17. MRLP and MRTDR deny the allegations in Paragraph 17 of the Amended Counterclaim.

18. MRLP and MRTDR admit the allegations in Paragraph 18 of the Amended Counterclaim.

19. MRLP and MRTDR aver that MRLP has paid or will pay approximately $6 per square foot for acquisition of the TDRs. MRLP and MRTDR deny that $6 per square foot is at or is near the "fair market value" for TDRs in the District of Columbia.

20. MRLP and MRTDR deny the allegations in Paragraph 20 of the Amended Counterclaim.

21. MRLP and MRTDR deny the allegations in Paragraph 21 of the Amended Counterclaim.

22. MRLP and MRTDR deny the allegations in Paragraph 22 of the Amended Counterclaim.

23. MRLP and MRTDR deny the allegations in Paragraph 23 of the Amended Counterclaim.

24. The CPA speaks for itself, and MRLP and MRTDR otherwise deny the allegations of Paragraph 24 of the Amended Counterclaim.

**COUNT II: BREACH OF CONTRACT**

MRLP and MRTDR reallege and incorporate by reference their Answers set forth in paragraphs 1-24 above.

25. MRLP and MRTDR deny the allegations in Paragraph 25 of the Amended Counterclaim.

26. MRLP and MRTDR admit the allegations in Paragraph 26 of the Amended Counterclaim.

27. MRLP and MRTDR aver that the consideration for the sale of land and TDRs to TCMD is as follows:

90 K Land - $46,036,528

90 K Initial TDR's - $8,387,929

Future TDRs - $13,000,000

MRLP and MRTDR aver that there is no guarantee that the future TDRs will settle; they are scheduled to settle between January 2009 - June 2009.

28. MRLP and MRTDR aver that the CPA speaks for itself, and aver that the amount of the Appreciation Cash Payment has been the subject of this litigation since the original Complaint was filed by MLRP in January 2006, seeking a declaration of the parties' rights under the CPA.  MRLP and MRTDR further aver that the issue of whether the TDRs are appropriately considered in the calculation of the Appreciation Cash Payment is the subject of MRLP's First Amended Complaint, filed on December 8, 2006, and Viad's Counterclaim filed on January 3, 2007.  MRLP and MRTDR further aver that on the date of closing of the transaction with

TCMD, $4.5 million was wired into an account jointly controlled by MRLP and Viad, to secure any potential Appreciation Cash Payment.

29.   MRLP and MRTDR incorporate herein their Answer to Paragraph 28 above, and deny the allegations in Paragraph 29 of the Amended Counterclaim.

30.   MRLP and MRTDR incorporate herein their Answers to Paragraph 28 and 29 above.  MRLP and MRTDR aver that in the document production in this case, Viad has been provided with the closing settlement sheets from the TCMD transaction, and all documents from which to calculate all elements of the Appreciation Cash Flow, and all costs and deductions therefrom, which will result in the conclusion that no Appreciation Cash Payment is owed.  MRLP and MRTDR further aver that at the time of the closing of the TCMD transaction, both parties had petitioned this Court for a declaration of their rights under the CPA, and that the calculation of the "statement" contemplated by Section 3.9 of the CPA would have been an exercise in futility.

31.   MRLP and MRTDR incorporate herein their Answer to Paragraph 30 above.

32.   MRLP and MRTDR aver that on February 21, 2007, Viad sent a letter to MRLP, indicating that no payment or statement was received.  MRLP and MRTDR further aver the CPA speaks for itself.  In further answer to Paragraph 32 of the Amended

6

Counterclaim, and MRLP and MRTDR incorporate herein their Answers to Paragraphs 28-30 above.

33.  MRLP and MRTDR deny the allegations in Paragraph 33 of the Amended Counterclaim.

34.  MRLP and MRTDR aver that the CPA speaks for itself.

35.  MRLP and MRTDR aver that the CPA speaks for itself.

36.  MRLP and MRTDR incorporate by reference their Answers to Paragraphs 28-33 above.

37.  MRLP and MRTDR aver that the CPA speaks for itself, and further, that although no Appreciation Cash Payment was made, the parties agreed to the joint account into which $4.5 million was deposited.  In further answer to Paragraph 37 of the Amended Counterclaim, MRLP and MRTDR incorporate by reference their Answers to Paragraphs 28-33 above.

38.  MRLP and MRTDR aver that an "expert report" pursuant to the Scheduling Order in this litigation was tendered by counsel for Viad on January 31, 2007.  MRLP and MRTDR further aver that the expert report identifies the expert as an M.A.I. appraiser, and that the report purports to provide the expert's view of the value of the property.  MRLP and MRTDR deny that the appraisal provisions of the CPA are applicable, or that the expert report was tendered in the context of the Sections 3.8 or 3.11 of the CPA, given that both parties have made the calculation of the Appreciation Cash Payment part of this litigation, thereby

foregoing the appraisal process set forth in the CPA.

39. MRLP and MRTDR aver that the expert report written by Steve Halpert speaks for itself, and otherwise deny the allegations in Paragraph 39 of the Amended Counterclaim.

40. MRLP and MRTDR aver that the CPA speaks for itself. In further response to Paragraph 40 of the Amended Counterclaim, MRLP and MRTDR incorporate by reference their Answer to Paragraph 38 above.

41. MRLP and MRTDR incorporate by reference their Answer to Paragraphs 38 and 39 above, and aver that they have tendered the opinion of Stuart Smith as an expert witness in this case, to testify regarding the fair market value of the Property.

42. MRLP and MRTDR aver that the February 21, 2007 letter speaks for itself, and deny that the letter (or the expert report tendered pursuant to the Scheduling Order in this case) effectively converts this litigation to an appraisal proceeding.

43. MRLP and MRTDR deny the allegations in Paragraph 43 of the Amended Counterclaim.

44. MRLP and MRTDR deny the allegations in Paragraph 44 of the Amended Counterclaim.

45. MRLP and MRTDR aver that the CPA speaks for itself with regard to the calculation of the Appreciation Cash Payment. MRLP and MRTDR further aver that all expenses sought to be deducted to calculate the Appreciation Cash Payment are legitimate.

46. MRLP and MRTDR deny the allegation in Paragraph 46 of the Amended Counterclaim that Financial Statements for Fiscal Year 2005 have not been provided. MRLP and MRTDR aver that Financial Statements for Fiscal Year 2006 are not yet due.

47. MRLP and MRTDR deny the allegations in Paragraph 47 of the Amended Counterclaim.

48. MRLP and MRTDR aver that Financial Statements were provided on November 21, 2006, restating the financials for the period December 1987- December 2005 (the "2005 Revised Statements"), and that they were accompanied by a letter from undersigned counsel. MRLP and MRTDR further aver that the CPA speaks for itself, and otherwise deny the allegations in Paragraph 48 of the Amended Counterclaim.

49. MRLP and MRTDR deny the allegations in Paragraph 49 of the Amended Counterclaim.

50. MRLP and MRTDR aver that the 2005 Revised Statements contain a different treatment of MRLP's expenses than the tax returns filed by MRLP, but deny that this is inconsistent with the CPA. MRLP and MRTDR aver that the Special Purpose Financial Statements tendered prior to the 2005 Revised Statements erroneously treated legitimate expenses as equity, and the interest thereon was erroneously labeled as "Developers' Equity Return."

51. MRLP and MRTDR aver that the purpose and intent of the

2005 Revised Statements was to reflect the economic reality of advances from S&S Finance Limited Partnership ("S&S Finance") to MRLP to maintain the Property, and otherwise deny the allegations in Paragraph 51 of the Amended Counterclaim.

52. MRLP and MRTDR deny the allegations in Paragraph 52 of the Amended Counterclaim.

53. MRLP and MRTDR deny the allegations in Paragraph 53 of the Amended Counterclaim.

## COUNT III:
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

54. MRLP and MRTDR reallege and incorporate by reference their Answers set forth in paragraphs 1-54 above.

55. MRLP and MRTDR deny the allegations in Paragraph 26 of the Amended Counterclaim.

56. MRLP and MRTDR deny the allegations in Paragraph 27 of the Amended Counterclaim.

57. The CPA speaks for itself.

58. MRLP and MRTDR deny the allegations in Paragraph 29 of the Amended Counterclaim.

59. MRLP and MRTDR deny the allegations in Paragraph 30 of the Amended Counterclaim.

60. MRLP and MRTDR deny the allegations in Paragraph 31 of the Amended Counterclaim.

61. MRLP and MRTDR deny the allegations in Paragraph 32 of

the Amended Counterclaim.

## COUNT IV: ATTORNEYS FEES

62. The CPA speaks for itself.

63. MRLP and MRTDR deny the allegations in Paragraph 34 of the Amended Counterclaim.

64. MRLP and MRTDR deny the allegations in Paragraph 35 of the Amended Counterclaim.

WHEREFORE, MRLP and MRTDR deny that Viad is entitled to the relief it seeks in its Amended Counterclaim.

## AFFIRMATIVE DEFENSES

1. Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad has failed to state a claim upon which relief can be granted.

2. Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad's claims are barred by the doctrine of waiver.

3. Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad's claims are barred by the applicable statute of limitations.

4. Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad's claims are barred by laches.

5. Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad's claims are barred by the doctrine of ratification.

6. Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad's claims are barred and estopped by the binding opinion of the independent accountant the Reznick Group, rendered in an

arbitration proceeding pursuant to the Cash Participation Agreement.

7. The Declaration sought by the Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad is not supported by the terms of the Cash Participation Agreement.

8. Viad has waived the appraisal procedures in the CPA by participating in this litigation and by filing its Counterclaim and this First Amended Counterclaim.

WHEREFORE, Plaintiff/Counterdefendant Montgomery Road I Limited respectfully request that the Amended Counterclaim be dismissed with prejudice, and that attorneys' fees and costs be assessed against Defendant/Counter-Plaintiff/Third-Party Plaintiff Viad.

        Respectfully submitted,

        COOTER, MANGOLD, TOMPERT
         & KARAS, L.L.P.


        _____/s/_____
        Dale A. Cooter, Bar #227454
        Donna S. Mangold, Bar #358851
        5301 Wisconsin Avenue, N.W.
        Suite 500
        Washington, D.C.  20015
        Phone:(202)537-0700
        Fax: (202)364-3664
        efiling@cootermangold.com

        *Attorneys for Plaintiff/Counterdefendant Montgomery Road I Limited Partnership and Third-Party Defendant Montgomery Road TDR, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of April 2007, a copy of the foregoing ANSWER OF MONTGOMERY ROAD I LIMITED PARTNERSHIP AND MONTGOMERY ROAD TDR, LLC TO DEFENDANT VIAD CORP.'S AMENDED COUNTERCLAIM was upon the following counsel, by electronic transmission through the ECF system:

>Rodney F. Page, Esq.
>Alicia Hogges-Thomas, Esq.
>Bryan Cave LLP
>700 Thirteenth Street, N.W.
>Suite 700
>Washington, D.C. 20005

>           /s/
>Donna S. Mangold