**EXHIBIT 42**



**VIAD CORP**
1850 N. Central Avenue, Suite 800
Phoenix, AZ 85004-4545
602-207-4000

August 26, 2005

Mr. Samuel G. Rose                                   *via facsimile: (202) 686-3617*
Greenebaum and Rose Associates                       *& US Mail*
5301 Wisconsin Avenue, N.W., Suite 510
Washington, D.C. 20015

    Re:    Cash Participation Agreement dated November 30, 1987
             90 K Street, Washington, D.C.

Dear Sam:

    We have already discussed the fact that your offer contained in your letter of May 2, 2005, to pay our company, Viad Corp (the successor to Transportation Leasing Co. and Greyhound), the amount of $75,000 to terminate our Cash Participation Agreement is unacceptable. However, there are a number of assertions made in your letter which are incorrect, and I wish to put Viad Corp "on the record", disputing those assertions.

    First, we do not accept or agree with the conclusions reached by Reznick Group, and certainly do not agree with your characterization that our Cash Participation Agreement is "worthless". To the contrary, we believe that both the Right of First Refusal to purchase 90 K Street and the right to participate in cash flow from the property are quite valuable (and perhaps marketable) and are worth preserving and protecting. To that end, we encourage you to observe the requirements imposed by the Cash Participation Agreement and to honor your commitments thereunder.

    Second, you asserted that the Cash Participation Agreement "states that if we mutually select an accountant, their opinion should be binding." This assertion is merely wishful thinking on your part. There are only two provisions in the Cash Participation Agreement which provide for a binding appraisal. In Section 3.11, there is a provision for resolving a dispute arising after our company's receipt of an Appreciation Cash Payment. That provision states that a fair market value of the Property determined in accordance with Section 3.8 will be conclusive, and that a disputed item resolved by an M.A.I. appraiser under Section 3.11 will be a final determination.

    As you are well aware, our submission of our company's positions to Reznick Group was done as part of an attempt to settle the dispute between our respective companies regarding the characterization of certain transactions and accruals reflected in the Special Purpose Statements generated by your company. It is not the type of dispute to which the provisions of Section 3.11 of the Cash Participation Agreement apply, and we did not submit the dispute to the type of arbiter required by the Cash Participation Agreement. Moreover, as you noted, in

DEP. E. FIORUCCI
(11/7/06)
EXH. # 23        VD-000883

agreeing to submit the dispute and our position statements to Reznick Group, we expressly conditioned the submission of our materials upon our understanding that Reznick Group's opinion is not binding upon Viad Corp. Your attempt to characterize Viad's actions as some sort of unilateral attempt to amend the Cash Participation Agreement is naïve and offensive.

Finally, in the final paragraph of your letter, you attempt to characterize the Cash Participation Agreement as somehow unjustified, or as a document that your company signed only because "it was put in front of us at the last minute on a take it or leave it basis." Neither of these statements, nor the behavior they imply, bears any relationship to the reality of the transaction our companies consummated in 1987. The transaction was a fully-integrated, well-negotiated and thoroughly documented deal, in which the purchase price of the property paid by your company reflected the consideration received by our company in the form of the possible future cash participation. Your statements belittle the sophistication of the parties involved in all aspects of the transaction. If Viad ultimately receives nothing from the Cash Participation Agreement, can we come back to you and complain that we should have received more in 1987? We suspect you would have the same response that you made in your May 2 letter: "As the saying goes, 'you can't get blood out of a turnip'."

For now, Viad will choose to do nothing. We wish you great success in your continued management of the 90 K Street property.

Very truly yours,

Eve Fiorucci
Assistant Director – Real Estate

cc:  Mr. Ken Goldman – Viad Corp
     Ms. Susan M. Mann, Esq.