IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MONTGOMERY ROAD I LIMITED PARTNERSHIP, <br>     Plaintiff and <br>     Counterclaim-Defendant, <br> v. <br> VIAD CORP, <br>     Defendant and <br>     Counterclaim-Plaintiff, <br> v. <br> MONTGOMERY ROAD TDR, LLC, <br>     Counterclaim-Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.  1:06CV00344 (HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE
SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

In its Complaint for Declaratory Judgment, Montgomery Road I Limited Partnership ("MRLP") claimed that the review by Reznick Group, P.C. ("Reznick") was binding on the parties. (Complaint for Declaratory Judgment at ¶ 26). However, pending motions demonstrate that this claim is completely fictional. In reality, Reznick stated explicitly in the letter containing its analysis: "[w]e understand that our services are intended <u>to assist</u> in resolving a dispute between the Partnership and Viad Corp related to the Cash Participation Agreement.… <u>This report may only be used for the aforementioned purpose</u>, and may not be distributed or used for other purposes without the express written consent of Reznick Group, P.C." (Reznick Analysis, attached as Exhibit A) (emphasis added). Reznick never consented to the use of its analysis for other purposes, and certainly not as an arbitration. In its First Amended Complaint, MRLP also claimed that the value it arbitrarily assigned to the sale price of the transferable development

rights ("TDRs") to TC MidAtlantic Development, Inc. ("TCMD") should not be included when calculating the Appreciation Cash Payment. (First Amended Complaint at ¶ 42). This claim is based on the fiction that MRLP can unilaterally determine the Agreed Value of the property, which is the starting point when calculating the Appreciation Cash Payment. (Cash Participation Agreement ("CPA") §§ 1.6, 3.1, attached as Exhibit B). However, Viad Corp ("Viad") has demonstrated in pending motions that the sale price paid by TCMD for the TDRs should be included in calculating the Agreed Value and, furthermore, that the fair market value of the property is the minimum value that may be considered.[1/]

Now, MRLP seeks to amend its complaint a second time based on the fictional claim that Viad has breached its obligations under the Cash Participation Agreement ("CPA"). Viad is filing this Opposition to Plaintiff's Motion to File Second Amended and Supplemental Complaint on the grounds that the proposed amendment would be futile.

According to the Supreme Court, although leave to amend "shall be freely given when justice so requires" it may be denied for the following reasons: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In its proposed Second Amended Complaint, MRLP seeks to add a claim that Viad has breached the CPA and add a count for attorneys fees. Specifically, MRLP claims that "Viad's refusal to execute a release of its lien, and its insistence of the $4.5 million escrow (to release its lien so the

---

[1/] The sale price paid by TCMD for the TDRs is an artificial construct by MRLP. The facts point to TCMD paying not for the TDRs *per se*, but for the increased development density of the 90 K Street Property as a result of the Property being in a TDR receiving zone and the resulting development density increasing from 650,000 sq. ft. to 1,000,000 sq. ft. That is what TCMD paid for and testified to.

2

TCMD transaction could close), constitutes a failure by Viad to perform its obligations under the CPA." (Proposed Second Amended Complaint at ¶ 46). This new count is futile for two reasons.

First, Viad had no obligation under the CPA to release its lien on the Property so the TCMD-MRLP transaction could close. In fact, the CPA entitled Viad to retain its lien after the closing and for the pendency of any dispute over payments owed to it. Under Section 5.1 of the CPA:

> [a]ll sums to be paid to TLC[/Viad] hereunder and all covenants and obligations to be performed by Developer[/MRLP] pursuant to this Agreement shall be secured by the TLC Mortgage … it being the intention of TLC and Developer that this Agreement shall remain in effect and continue to be secured until all covenants and obligations of Developer to TLC hereunder have been fully satisfied, which shall be no earlier than ninety (90) days after all Operations Cash Payments and Appreciation Cash Payments have been made, or, in the event of a dispute concerning the amount of those Operations Cash Payments or Appreciation Cash Payments payable, until such dispute has been resolved. Notwithstanding any other provision of this Agreement, this Agreement shall continue in full force and effect until all covenants and obligations of Developer under this Agreement and the TLC Mortgage have been paid and/or performed in full at which time TLC shall execute and cause to be recorded a release of the TLC Mortgage and all other security instruments securing TLC.

(CPA § 5.1). Thus, Viad clearly had no obligation or duty to release its lien prior to or simultaneous with the closing which is the premise of the new claim. Furthermore, if there is a dispute over the computation of the Appreciation Cash Payment, the lien is to remain in place until the dispute has been resolved. (CPA § 5.1). Currently, MRLP has not paid the Appreciation Cash Payment and there is a dispute over the amount that should be paid. As a result, contrary to MRLP's assertion, Viad was under no obligation to release its lien. MRLP does not cite to any section of the CPA in support of its claim that "Viad's refusal to execute a release of its lien, and its insistence of the $4.5 million escrow … constitutes a failure by Viad to perform its obligations under the CPA." This is because there is <u>no</u> section of the CPA that supports MRLP's claim.

In addition, when MRLP filed its First Amended Complaint, the parties were already in discussions regarding the escrow. Contrary to MRLP's assertions, the existence of the escrow is not new information. In fact, in Paragraph 29 of its First Amended Complaint, MRLP refers to the escrow, stating: "[t]he dispute over the TDRs potentially will jeopardize the settlement of the TCMD purchase of 90 K Street and 45 L by VIAD's [*sic*] demand of a substantial escrow (representing the value of the TDRs) before it will release the Deed of Trust on 90 K." (First Amended Complaint at ¶ 29). MRLP claims that "the proposed Second Amended and Supplemental Complaint supplements the First Amended Complaint to set forth transactions and events subsequent to the First Amended Complaint." (Plaintiffs' Mem. at 3). But, as demonstrated by Paragraph 29 of the First Amended Complaint, the escrow was already a subject of this litigation at the time the First Amended Complaint was filed on December 8, 2006. The creation of the escrow, of course, was the result of a voluntary act by MRLP and its counsel, and of a voluntary relinquishment of a contractual right on the part of Viad, to facilitate the sale of 90 K Street while the dispute over payment is resolved. MRLP's last minute attempt to convert this conciliatory action by Viad into a default under the CPA is ludicrous and disingenuous.

The foregoing demonstrates that MRLP's proposed Second Amended Complaint would be futile. There are no facts on which MRLP could prevail on its assertion that Viad is in default. As a result, Viad requests that this Court deny MRLP's Motion for Leave to File Second Amended and Supplemental Complaint.

        Respectfully Submitted,

        BRYAN CAVE LLP

        By: /s/ Rodney F. Page
            Rodney F. Page (DC Bar No. 37994)
            Alicia I. Hogges-Thomas (DC Bar No. 480548)
            700 Thirteenth Street, N.W., Suite 700
            Washington, D.C. 20005-3960
            P: (202) 508-6000
            F: (202) 508-6200

        *Counsel for Defendant/Counterclaim-Plaintiff Viad Corp*

Dated: May 15, 2007