UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONTGOMERY ROAD I           )
LIMITED PARTNERSHIP,        )
                            )
    Plaintiff/              )
    Counter-Defendant,     )
                            )    Case No. 1:06CV00344 (HHK)
                            )    Next Event: August 3, 2007
                            )    Status/Scheduling Conf.
                            )
       v.                )
                            )
VIAD CORP,                  )
                            )
    Defendant/              )
    Counter-Plaintiff/     )
    Third-Party Plaintiff  )
                            )
    v.                     )
                            )
MONTGOMERY ROAD TDR, LLC,   )
    Third-Party Defendant  )
_____)

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION**
**FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

Plaintiff Montgomery Road I Limited Partnership, by and through its undersigned counsel, Cooter, Mangold, Tompert, and Karas, L.L.P., hereby submits its Reply Memorandum in further support of its Second Amended and Supplemental Complaint against Defendant VIAD Corp("Viad").

Although acknowledging that leave to amend a complaint under Rule 15(a) "shall be freely given when justice so requires," Viad argues that Montgomery Road's proposed amendment is futile. Viad

1

Opposition at 2.  To set up its "futility" argument, Viad argues that the claims in the original Complaint and the First Amended Complaint are "fictional."  Viad Opposition at 1-2.  With regard to the original Complaint, which alleged, *inter alia,* that the Reznick Opinion is binding, Viad now argues that the claim is fictional because the Reznick Opinion stated that its services "are intended to assist in resolving a dispute between the [parties] ... .  This report may only be used for the aforementioned purpose ... ."  Without regard to the language used by Reznick, however, it is the Cash Participation Agreement and the conduct of the parties (Montgomery Road and Viad) which will determine whether the Reznick Opinion is binding.  The Second Amended Complaint does not abandon the Reznick Opinion declaratory judgment claim.  Moreover, whether the parties are bound by Reznick is far from fiction: it is an issue which is extensively briefed in the parties' opposing motions for summary judgment.  Viad also argues that the claim set forth in the First Amended Complaint (seeking a declaration that the price paid for the TDR's by TC Mid-Atlantic is not included in the value of the Property for purposes of calculating the Appreciation Cash Payment) is "based on the fiction" that Montgomery Road can determine the Agreed Value of the Property.  Viad Opposition at 2.  This issue too, has been extensively briefed in the motions for summary judgment.

Viad then argues that the proposed amendment is also "fictional" and is therefore futile. Viad Opposition at 2. The basis of the claim for attorneys fees set forth in the proposed Second Amended Complaint is that Viad has manufactured a dispute over the Appreciation Cash Payment and whether the TDRs are a proper component of the calculation. As a result of this "dispute," Viad demanded the $4.5 million escrow before it would release the Deed of Trust on 90 K Street so that the transaction with TCMD could close. <u>See</u> Proposed Second Amended and Supplemental Complaint, ¶¶ 29, 30, 45.

There is certainly evidence that has been provided in the context of the Summary Judgment briefing that demonstrates that Viad had been advised by its own real estate professionals that substantial expenditures by Montgomery Road resulted in Viad's interest under the CPA as being worthless.[1]  This evidence

---

[1] <u>See, e.g.,</u> Montgomery Road Opposition to Viad's Motion for Summary Judgment Exhibit 25 (Letter from Pat Marr to E. Fiourucci, 9-15-99) ("[i]f Greenebaum & Rose were to sell [the Property] today, [the value] would be approximately $30.00 per developable foot.  With the ability to construct 650,000 square feet, that would equate to a value of  $19,500,000.  With your participating interest not valid until it exceeds what the owner has in the property (approximately $25 million), your interest would be worth nothing").  Although this opinion by Mr. Marr was obtained several years ago, Montgomery Road continued to invest in the Property.  At year-end 2006 (ten days prior to closing), in addition to the  First Mortgage Note Payable to S&S Finance of $10,297,139, the loan payable due to S&S Finance was approximately $19.9 million, and the interest thereon was approximately $18.7 million. <u>See</u> Declaration of Ronald Glassman filed in support of Montgomery Road's Opposition to Viad's Motion for Summary Judgment.

supports Montgomery Road's allegation that Viad's refusal to execute a release of its lien, and its insistence on the $4.5 million escrow (so the TCMD transaction could close), was wrongful under the terms of the CPA.   Viad cites to §5.1 of the CPA, arguing that it is entitled to maintain its lien until any "dispute" over the Appreciation Cash Payment is resolved.   What Viad ignores however is Montgomery Road's allegation that the "dispute" itself is in violation of the CPA, because there is no reasonable basis for Viad to have taken the position it has taken with regard to the inclusion of the TDRs and the calculation of the Appreciation Cash Payment.   By arguing that Montgomery Road's proposed amendment is futile, Viad seeks to have this Court adjudicate the propriety of both parties' conduct and positions in the context of Montgomery Road's motion to amend.

Clearly, the "futility" exception to the policy of allowing amendments under Fed. R. Civ. P. 15 does not require the Court to adjudicate the parties' respective claims.   As the Court stated in Lee v. Winter, 439 F.Supp.2d 82 (D.D.C. 2006), "an amendment is futile 'if the proposed claim would not survive a motion to dismiss.'" 439 F.Supp.2d at 84 (quoting James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C.Cir.1996)). The Lee Court further explained that a claim "will not survive a motion to dismiss only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief.'" 439 F.Supp.2d at 84-85 (quoting <u>Kingman Park Civic</u>
<u>Ass'n v. Williams</u>, 348 F.3d 1033, 1040 (D.C. Cir. 2003)).  In
<u>Steinbuch v. Cutler</u>,  463 F.Supp.2d 1, 3 (D.D.C. 2006), the Court
rejected the defendant's futility argument on the same grounds as
its denial of her second motion to dismiss: the futility
argument, based on the statute of limitations, depended on
factual determinations that could not be made in the context of a
motion to dismiss.  Similarly here, Viad's argument assumes the
correctness of *Viad's* position in this litigation: that it is
entitled to a substantial Appreciation Cash Payment calculated by
excluding interest and including the purchase price of the TDR's,
and in the absence of such a payment, that it was entitled to
refuse to release its lien or to require the $4.5 million escrow.
Because Viad has not demonstrated that the claims asserted in the
proposed Second Amended Complaint would not survive a motion to
dismiss, its futility argument must be rejected.

Viad also argues that the Second Amended Complaint is not a
"supplemental pleading" under Rule 15(d) which sets forth
transactions or events which have transpired since the original
pleading was filed.  The basis of Viad's challenge is that the
First Amended Complaint, filed on December 8, 2006, referred to
Viad's "demand of a substantial escrow (representing the value of
the TDRs) before it will release the Deed of Trust on 90K."
(First Amended Complaint, ¶29).  Of course, at that time, the

amount of the escrow – $4.5 million – had not been determined[2], nor had the sale transaction actually closed.  Paragraphs 29-30 of the Second Amended and Supplemental Complaint properly set forth updated information based on events that transpired leading up to, and including the January 2007 closing of the transaction with TCMD, even if the First Amended Complaint anticipated Viad's requirement of the escrow.

For the foregoing reasons, Montgomery Road submits that Viad has provided no legitimate argument for denying leave to file the Second Amended Complaint, and respectfully requests that its Motion to Amend be granted.

Respectfully submitted,

COOTER, MANGOLD, TOMPERT
& KARAS, L.L.P.


_____/s/_____
Dale A. Cooter, Bar #227454
Donna S. Mangold, Bar #358851
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C.  20015
(202)537-0700
efiling@cootermangold.com
*Attorneys for Plaintiff*
*Montgomery Road I Limited*
*Partnership*

_____

[2] The $4.5 million is 10% of the land sale price ($46 million), despite the fact that Montgomery Road had approximately $50 million invested in the Property(first mortgage, loan to S&S Finance, accrued interest).

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of May 2007, a copy of the foregoing **PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT** was served via the Court's ECF system on:

> Rodney F. Page, Esq.
> Alicia Hogges-Thomas, Esq.
> Bryan Cave LLP
> 700 Thirteenth Street, N.W.
> Suite 700
> Washington, D.C. 20005

> _____/s/_____.
> Donna S. Mangold