IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                       )
MONTGOMERY ROAD I LIMITED              )
PARTNERSHIP,                           )
         Plaintiff and                 )
         Counterclaim-Defendant,       )
   v.                                  )
                                       )
VIAD CORP,                             )
         Defendant and                 )   Case No.  1:06CV00344 (HHK)
         Counterclaim-Plaintiff,       )
                                       )
   v.                                  )
                                       )
MONTGOMERY ROAD TDR, LLC,              )
         Counterclaim-Defendant.       )
_____)
```

**RESPONSE OF DEFENDANT VIAD CORP TO SUPPLEMENTAL FILING
BY MONTGOMERY ROAD I LIMITED PARTNERSHIP**

Nearly two months after the parties completed extensive briefing of cross motions for summary judgment, Plaintiff and Counter-Defendant Montgomery Road I Limited Partnership and its affiliate, Third Party Defendant Montgomery Road TDR, LLC, (together "MRLP") have "supplemented" their earlier filings, submitting to the court a memorandum and four new exhibits, including an affidavit of MRLP's bookkeeper and three new financial statements, allegedly audited by an outside accounting firm and purporting to report "special purpose financial statements" for the period 2004-2007.  (Referred to hereafter as "Supplemental Filing.")  MRLP did not seek leave of court to make a Supplemental Filing nor did it seek consent or otherwise notify the opposing party.  MRLP does not seek to justify its filing because of new law or facts.  Rather, MRLP unabashedly states that its Supplemental Filing is made to address assertions by Viad Corp earlier in the litigation.  In other words, MRLP is attempting another bite at the apple on some of the issues previously briefed.

The Supplemental Filing and the proffered new evidence from MRLP should be stricken and disregarded. As set forth below, the filing is procedurally improper, ignoring scheduling requirements of this court, and contrary to the requirements of the contract between the parties. Moreover, the new exhibits are a blatant effort on the part of MRLP and its counsel to create new evidence in the course of litigation specifically for the purpose of attempting to deflect legitimate arguments made by Defendant and Counter-Plaintiff Viad Corp ("Viad") in support of its summary judgment position.

**A. MRLP's Supplemental Filing is Out of Time and MRLP Did Not Request a Leave of Court for its Filing**

MRLP made its Supplemental Filing without the consent of Viad and without leave of the court. MRLP's Supplemental Filing was entered on June 27, 2007 – almost two months after all briefing in the case was due. This court issued a scheduling order on August 7, 2006, giving the parties clear deadlines and the opportunity to plan their litigation strategy. The court's order stated "All dates in this scheduling order are firm, may not be altered by the parties, and absent truly exceptional and compelling circumstances, will not be altered by the court." (*See* Scheduling Order, Docket # 9). Discovery between the parties closed on December 15, 2006. Expert depositions were taken in February of 2007. Summary Judgment motions were due on March 29, 2007. Oppositions to Motions for Summary Judgment were due on April 19, 2007, giving the parties three weeks to respond. Replies to the Oppositions to Motions for Summary Judgment were then due on May 3, 2007, giving the parties an additional two weeks to respond to arguments raised by the other side. Procedurally, the Supplemental Filing is unauthorized.

**B.    The Supplemental Filing is Yet Another Revision of Earlier Positions Taken by MRLP**

As the summary judgment briefs for both parties indicate, a key point of dispute in this case is the required accounting for the ownership of 90 K Street NE by MRLP from the time of its purchase of the property in 1987 until its sale in early 2007. The contract between the parties, the Cash Participation Agreement ("CPA"), requires certain financial reporting on a yearly basis and upon sale of the property. These reports provide the basis for calculation of payments due to Viad. Until this litigation, brought by MRLP in 2006, yearly financial statements were submitted to Viad. Each of them disclosed certain transactions and accounting treatments by MRLP which purported to comply with the requirements of the CPA. During the litigation, however, MRLP reversed its position with respect to key accounting matters. The Supplemental Filing represents yet another step in its revision of the earlier positions taken.

Ironically, MRLP filed this litigation originally to "enforce" an advisory opinion by its expert witness accountant employed by the Reznick Group. In that initial filing of this court, MRLP sought specifically to have the court declare that its cumulative invested equity in the property (so called Developer's Operating Equity and Equity Return) was a deductible expense at the time the property was sold. The Reznick interpretation flies in the face of the specific language of the contract, however. The Developers equity is specifically excluded as a deductible expense at the point of sale when the payment due Viad based on appreciation is to be calculated. During the course of the litigation, MRLP and its counsel unilaterally revised the financial statements to convert the Developer's Invested Equity to debt, converting the earlier non-deductible equity into deductible debt and "phantom" interest on that debt. These revisions (the "Cooter financials") were submitted as evidence by MRLP and relied upon in its Motion for Summary Judgment. The result of this new characterization was that, even if Reznick is wrong

3

in its interpretation of the contract, as it surely is, the new accounting treatment, if accepted, would nonetheless deprive Viad of its contractual share the appreciation on the sale of the property in 2007, since the accumulated interest and debt total more than $30,000,000.[1]

During briefing on cross motions for summary judgments, the weaknesses and hypocrisy of MRLP's accounting positions were highlighted, including the fact that the restatement of accounting practices was clearly the creation of MRLP's attorneys and that no accounting firm had been involved in reviewing the restatement. The Supplemental Filing attempts to address part of those deficiencies, offering the alleged "unqualified opinion" of the KAWG&F accounting firm for new special purpose financial statements which incorporate, among other things, the conversion of the developer's equity into debt.

The first and most obvious problem with the Supplemental Filing is that it seeks to alter and expand the arguments made by MRLP in the briefing on cross motions for summary judgment. The new filing is not merely supplemental, it seeks to alter and bolster deficiencies in the earlier filings. By offering the "opinion" of KAWG&F, MRLP also seeks to add additional witness testimony, including presumably expert testimony, long after the deadline for disclosing the identity of such witnesses and providing their reports.

The Court will also note that Viad formally notified MRLP on February 21, 2007 of its defaults under the CPA for failure to provide any statement of closing costs and other information necessary to calculate a payment that would be due upon the sale of the 90 K Street property. The new filings seeks to cure that defect, providing new financial statements and adding as an exhibit to them a calculation based on the sale, all of it coming to Viad and the

---

[1] MRLP has also sought to eliminate payment to Viad by artificially dividing the consideration it received at the sale into two parts, one part for the land and one for so-called Transferable Development Rights (TDRs), the latter of which it improperly excludes in the calculation.

Court long after the 30 day period to cure provided by Section 7.3 of the CPA, which expired on March 23, 2007.

**C. The New Financial Statements Are Unreliable**

Even if the Court allows and considers the new evidence in the Supplemental Filing, the new financial statements merely underscore the need for an independent audit, as Viad has requested. The new version of the financial statements for 2004-2007 is at odds with all prior iterations in this case. They are not to be believed.

There is, first, the matter of whether KAWG&F has actually audited or certified anything. The bookkeeper for MRLP, Ron Glassman, provided an affidavit for the Supplemental Filing explaining how he commissioned the KAWG&F firm to prepare the new financial statements. Glassman's earlier testimony in this case as a Rule 30(b)(6) witness for MRLP provides some insight on the working relationship between MRLP and KAWG&F. Glassman testified then that he prepared all of the financial statements. Furthermore, he provided a "blank page" for the cover letter with suggested "contents" for KAWG&F to "copy" onto their letterhead, although, he said, "the wording is under their control." (*See* Exhibit A, Glassman Dep. pp. 23-25.)

Glassman's testimony related to financial statements submitted to Viad before this litigation and for earlier time periods. The last such statement signed by KAWG&F was for the period ended December 31, 2004. (attached as Exhibit B) That statement overlaps with the new exhibits in that the new financial statement for December 31, 2005, and for 2004, which were provided as Exhibit B to the Supplemental Filing, were also signed by KAWG&F. The earlier version is clearly a compilation relying on representations of management and are not audited. The new version claims to be based on an audit; but, it is also qualified in that the accountants explicitly rely "upon the Partnership's (MRLP's) interpretation of" the CPA. The footnotes also

5

disclose that KAWG&F explicitly relies upon representations and "judgment" of management as to its ("the partnership's") "original intent" in deciding to accept the reversal of the equity entries in previously-reviewed KAWG&F statements and the change to debt. In other words, KAWG&F itself offers nothing to verify the accounting treatment.

**D. The Changes in the Latest Financial Statements Are Significant**

Even were the court to accept the filing, it must be noted that the new financial statements provided are just the latest filings in a series produced by MRLP after this litigation began and when MRLP was faced with the prospect of paying Viad its rightful share of the Cash Appreciation Payment as defined under the CPA.

The changes in the statements have been dramatic and numerous.[2] Two of the major new accounting changes illustrate the new twists taken in the financial statements.

First, MRLP has now for the first time increased the value of "Land" from approximately $7.3 million to over $11 million. When 90 K Street was purchased in 1987, it was acquired in exchange for land located in Howard County, Maryland that was owned by the partnership.[3] In every special purpose financial statement previously prepared by MRLP, the "Land" asset of 90 K Street was carried on the balance sheet at its purchase price ($10.3 million), plus settlement costs ($766,000) and reduced by the excess value received over the basis of the property of the exchanged property ($3.7 million). This resulted in the "net cost of the land on the partnership's books"[4] of just over $7.3 million. This treatment was logical and

---

[2] Attached at Exhibit C is a comparison of the last three different sets of financial statements received from MRLP.

[3] *See* Notes to the Special Purpose Financial Statements (Purchase of Property), December 31, 2004 and 2003, prepared by KAWG&F and MRLP, also attached as Exhibit B.

[4] *Id*.

in accordance with general accounting, and MRLP has reported this value for the land for nearly 20 years, through annual submissions to Viad.

Now, however, MRLP has, without explanation or justification, chosen to ignore the exchange value of the Howard County property in its calculation. and provides no reason for the change.  KAWG&F now has deleted an entire paragraph explaining the exchange that had been present in the notes to all other financial statements.[5]  Of course, by increasing the land value MRLP has increased a deductible cost, thus reducing by $3.7 million any appreciation under the CPA.  Second, MRLP has eliminated or renamed several line items previously found on the partnerships' balance sheets.  In the previous KAWG&F compilation, the partnership's cost of purchasing TDRs for 90 K Street were listed under "Project Costs" on the Balance Sheet.[6]  This line item was listed under the assets of the partnership.  In the newly filed Special Purpose Financial Statements, MRLP has removed the category entitled "Project Costs."  A new category, entitled "Land Improvements" has been added.  MRLP has not explained the difference between the two categories.  It appears that $140,000 of "Project Costs" have been reclassified as "Land Improvements", but the costs of the TDR's appear to be deleted.  MRLP's financials now state, in notes its newly filed financial statements,  that "TDRs are a separate asset of the partnership and are not covered by the CPA."  This parsing of partnership assets purchased for use at 90 K Street from the accounting for the land itself is a reversal of prior

---

[5] The paragraph stated "The property was acquired in exchange for a parcel of land owned by the partnership in Howard County, Maryland.  As a result of this exchange, the cost of the land carried on the partnership's books was reduced by $3,708,470, representing the excess value received over the basis of the property at the time of the exchange.  Therefore, the net cost of the land on the partnership's books is $7,357,583.  *See* Exhibit B at page 9.

[6] For example, see Special Purpose Financial Statements, December 31, 2004 and 2003, prepared by KAWG&F and MRLP, attached as Exhibit B.

accounting not justified by any explanation other than MRLP's own self-serving interpretation of the CPA.

In sum, the Supplemental Filing provides further evidence of the lengths to which MRLP will go to avoid its contractual obligation. MRLP has brazenly changed its legal position and introduced dubious new "facts" to support its claims.

## Conclusion

The Supplemental Filings should be disregarded. They are out of time; they seek to introduce newly created evidence and rely on new opinion testimony by witnesses not deposed or previously identified for that purpose; they are flatly contradictory to previous positions taken by MRLP in this case. MRLP should not be permitted to revise, edit, backtrack, reformulate and recalibrate every fact or argument as if there are no consequences. Summary judgment for Viad is appropriate in this case. If, however, the Supplemental Filings are permitted as evidence in this case, Viad should be allowed the full opportunity to examine the witnesses involved and to rebut their relevance.

Respectfully Submitted,

/s/  Rodney F. Page
Rodney F. Page (D.C. Bar No. 37994)
Bryan Cave LLP
700 Thirteenth Street, N.W.
Washington, D.C. 20005-3960
Phone: 202-508-6000
Fax: 202-508-6200

Attorney for Defendant *Viad Corp*

Dated:  July 13, 2007