## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONTGOMERY ROAD I LIMITED PARTNERSHIP,** ) ) ) | |
| **Plaintiff/ Counter-Defendant,** ) ) ) | |
| **and** ) ) | **Case No. 1:06CV00344 (HHK)** **Status Conference - December 14, 2007** |
| **MONTGOMERY ROAD TDR, LLC,** ) ) ) | |
| **Third-Party Defendant,** ) ) ) | |
| **v.** ) ) ) | |
| **VIAD CORP,** ) ) ) | |
| **Defendant/ Counter-Plaintiff/ Third-Party Plaintiff.** ) ) ) ) | |

### RENEWED MOTION OF MONTGOMERY ROAD I LIMITED PARTNERSHIP AND MONTGOMERY ROAD TDR, LLC FOR SUMMARY JUDGMENT

Plaintiff/Counterdefendant Montgomery Road I Limited Partnership ("Montgomery Road")

and Third-Party Defendant Montgomery Road TDR, LLC, ("Montgomery Road TDR") by and

through their undersigned counsel, hereby renew their Motion for Summary Judgment, seeking

summary judgment on Montgomery Road's Second Amended Complaint (ECF Document #39 )and

on Viad Corp.'s ("Viad") Amended and Supplemental Counterclaim. (ECF Document #41).[1]

---

[1] ECF Documents #27 and #41contain the same Amended and Supplemental Counterclaim of Viad; they also include the Answer to the First Amended Complaint (#27) and the Second Amended Complaint (#41).

Respectfully submitted,

COOTER, MANGOLD, TOMPERT
 & KARAS, L.L.P.


_____/s/_____
Dale A. Cooter, Bar #227454
Donna S. Mangold, Bar #358851
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C.  20015
Phone:(202)537-0700
Fax:    (202)364-3664
efiling@cootermangold.com

*Attorneys  for  Plaintiff/Counterdefendant
Montgomery Road I Limited  Partnership and Third-
Party  Defendant Montgomery Road TDR, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MONTGOMERY ROAD I** | ) | |
| **LIMITED PARTNERSHIP,** | ) | |
| | ) | |
| **Plaintiff/** | ) | |
| **Counter-Defendant,** | ) | |
| | ) | **Case No. 1:06CV00344 (HHK)** |
| **and** | ) | **Status Conference - December 14, 2007** |
| | ) | |
| **MONTGOMERY ROAD TDR, LLC,** | ) | |
| | ) | |
| **Third-Party Defendant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **VIAD CORP,** | ) | |
| | ) | |
| **Defendant/** | ) | |
| **Counter-Plaintiff/** | ) | |
| **Third-Party Plaintiff.** | ) | |

## STATEMENT OF UNDISPUTED MATERIAL FACTS FILED IN SUPPORT OF MONTGOMERY ROAD I LIMITED PARTNERSHIP AND MONTGOMERY ROAD TDR'S RENEWED MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1 of the Local Rules of Civil Procedure and in support of their Renewed Motion for Summary Judgment, Plaintiff/Counter-Defendant Montgomery Road I Limited Partnership ("Montgomery Road ") and Third-Party Defendant Montgomery Road TDR, LLC ("Montgomery Road TDR")(collectively, the "Montgomery Road Parties"), by and through their undersigned counsel, hereby submit this Statement of Undisputed Material Facts.

Pursuant to this Court's July 16, 2007 Order, the Montgomery Road Parties hereby incorporate by reference the Statement of Undisputed Material Facts ("SUF")[2] Filed in Support of Montgomery Road I Limited Partnership and Montgomery Road TDR's Motion for Summary Judgment filed on March 29, 2007 (ECF Document # 23), as follows:

SUF Paragraphs 1 through 3.

### THE PURCHASE AND FINANCING OF 90 K STREET

SUF Paragraphs 4 through 13.

### THE RECLASSIFICATION OF DEBT TO EQUITY AND THE SPECIAL PURPOSE FINANCIAL STATEMENTS

SUF Paragraphs 14 through 19.

### THE DISPUTE DEVELOPS

SUF Paragraphs 20 through 24.

### THE REZNICK OPINION

SUF Paragraphs 25 through 28.

### MONTGOMERY ROAD'S SALE OF 90 K STREET

SUF Paragraphs 29 through 33.

### THE TDR'S

SUF Paragraphs 34 through 49.

### THE 2005 REVISED SPECIAL PURPOSE FINANCIAL STATEMENTS

SUF Paragraphs 50 - 55.

---

[2]  The headings from the Statement of Undisputed Facts are repeated in this document.

## THE JUNE 2007 KAWG&F, P.A. FINANCIAL STATEMENTS

56.  Montgomery Road engaged its outside accountant, KAWG&F, P.A., to perform an audit of Montgomery Road's financial statements relating to the 90 K Street Property.  Mueller Declaration Exhibit 1, at ¶7.

57.  To perform the audits, KAWG&F, P.A. examined financial records and transactions spanning a period of twenty years relating to the 90 K Street Property, and sampled various account balances, including the account balances for S&S Finance.  Mueller Declaration Exhibit 1, at ¶¶7-9.  The audit was performed in accordance with Generally Accepted Auditing Standards (GAAS).  Mueller Declaration Exhibit 1, at ¶8.

58.  On June 20, 2007, KAWG&F, P.A. completed its audits of the financial statements and its examination of the financial records related to the 90 K Street Property, and issued its Special Purpose Financial Statements (December 31, 2005 and 2004; December 31, 2006 and 2005; January 11, 2007 and December 31, 2006), accompanied by the unqualified opinion of KAWG&F. P.A.  Mueller Declaration Exhibit 1, at ¶10. The financial statements are fairly stated in accordance with Generally Accepted Accounting Principles (GAAP).  Mueller Declaration Exhibit 1, at ¶10.

59.  The foregoing Special Purpose Financial Statements were submitted as an attachment to Montgomery Road's Supplemental Filing in Further Support of its Motion for Summary Judgment and its Opposition to Defendant Viad's Motion for Summary Judgment (ECF Document #42).

## OTHER ALLEGED DEFAULTS UNDER THE CASH PARTICIPATION AGREEMENT

60.  On June 20, 2007, KAWG&F, P.A. completed its audits of the financial statements and its examination of the financial records related to the 90 K Street Property.  The following Special

Purpose Financial Statements, accompanied by the unqualified opinion of KAWG&F, P.A., were tendered to Viad on June 27, 2007 (via the SUPPLEMENTAL FILING, (ECF Documents # 42-3, 42-4, 42-5) :  December 31, 2005 and 2004; December 31, 2006 and 2005; and January 11, 2007 and December 31, 2006 (also contains a Schedule of Appreciation Cash Flow as of the date of the sale of the 90 K Street Property).  See also Glassman Declaration, attached as Exhibit A to the SUPPLEMENTAL FILING (ECF Document #42-2).

61.  Pursuant to CPA §3.8, invocation of the "fair market value" appraisal process must be done within 45 days of "receiving notice of an[] event requiring the determination of fair market value." CPA §3.8.  That date was December 17, 2006, which was 45 days following Viad's receipt of the Amended Contracts for the sale of 90 K Street and the TDR's on November 2, 2006.  See Rose Decl. at ¶31.

62.  Viad tendered its expert report of Stephen Halbert on January 31, 2007, it was done pursuant to the Scheduling Order in this case.  The Halbert Report was an attachment to a pleading entitled "Designation of Expert Witnesses by Viad Corp." [ECP Document #19], and made absolutely no reference to invoking the appraisal process under the Agreement.  By the time the expert report was tendered, Viad had already filed its  Counterclaim [ECF Document # 16], which sought a declaration that the value of the TDRs being sold to TC MidAtlantic were to be considered in valuing the Property for purposes of the Appreciation Cash Payment.  Counterclaim ¶7.

Respectfully submitted,


COOTER, MANGOLD, TOMPERT
 & KARAS, L.L.P.


_____/s/_____
Dale A. Cooter, Bar #227454
Donna S. Mangold, Bar #358851
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C.  20015
Phone:(202)537-0700
Fax:     (202)364-3664
efiling@cootermangold.com

*Attorneys  for  Plaintiff/Counterdefendant
Montgomery Road I Limited  Partnership and Third-
Party  Defendant Montgomery Road TDR, LLC*

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MONTGOMERY ROAD I** ) | |
| **LIMITED PARTNERSHIP,** ) | |
| ) | |
| **Plaintiff/** ) | |
| **Counter-Defendant,** ) | |
| ) | **Case No. 1:06CV00344 (HHK)** |
| **and** ) | **Status Conference - December 14, 2007** |
| ) | |
| **MONTGOMERY ROAD TDR, LLC,** ) | |
| ) | |
| **Third-Party Defendant,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **VIAD CORP,** ) | |
| ) | |
| **Defendant/** ) | |
| **Counter-Plaintiff/** ) | |
| **Third-Party Plaintiff.** ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
RENEWED MOTION OF MONTGOMERY ROAD I LIMITED PARTNERSHIP
AND MONTGOMERY ROAD TDR, LLC FOR SUMMARY JUDGMENT**

Plaintiff/Counterdefendant Montgomery Road I Limited Partnership ("Montgomery Road")
and Third-Party Defendant Montgomery Road TDR, LLC ("Montgomery Road TDR") (collectively
referred to as the "Montgomery Road Parties"), by and through their undersigned counsel, hereby
submit this Memorandum of Points and Authorities in support of their Renewed Motion for
Summary Judgment, seeking summary judgment on Montgomery Road's Second Amended
Complaint (ECF Document #39 ) and on Viad Corp.'s ("Viad") Amended and Supplemental
Counterclaim. (ECF Document #41).

Pursuant to this Court's July 16, 2007 Order, the Montgomery Road Parties have incorporated various portions of its prior summary judgment filings[3] in support of this Renewed Motion for Summary Judgment ("Renewed Motion"), which seeks summary judgment on Montgomery Road's Second Amended and Supplemental Complaint ("SAC") and Viad's Amended and Supplemental Counterclaim ("Amended Counterclaim"). Both Montgomery Road's SAC and Viad's Amended Counterclaim were filed after the parties filed their respective summary judgment motions on March 29, 2007.

Montgomery Road's SAC (ECF Document #39) sets forth the following claims:

Count I - Declaratory Judgment - Appreciation Cash Flow
Count II - Declaratory Judgment - Sale of the TDRs
Count III - Attorneys Fees Under the Cash Participation Agreement

Viad's Amended Counterclaim (ECF Document #41) sets forth the following claims[4]:

--------------------------------------------------

[3] The following filings (hereinafter "Original SJ Filings") are incorporated herein as indicated:

ECF Document #23 -  Montgomery Road Parties' Motion for Summary Judgment ("MOTION")

ECF Document #30 -  Montgomery Road Parties' Opposition to Viad's Motion for Summary Judgment ("OPPOSITION")

ECF Document #42 -  Montgomery Road Parties' Supplemental Filing in Further Support of their Motion for Summary Judgment and their Opposition to Defendant Viad's Motion for Summary Judgment ("SUPPLEMENTAL FILING")

In this Renewed Motion, the Montgomery Road Parties have generally included the headings from the Original SJ Filings, indicating the "incorporated pages" from those Original SJ Filings, along with an indication of the corresponding ECF page number.

[4] Viad's Amended Counterclaim (ECF Documents #27/41) changed the "Count" designations from its original Counterclaim (ECF Document #16). The counts in Viad's original Counterclaim were as follows: Count I - Declaratory Judgment - TDRs; Count II - Breach of the

Count I - Declaratory Judgment - TDRs
Count II - Breach of Contract
Count III - Breach of the Implied Covenant of Good Faith and Fair Dealing
Count IV - Attorneys Fees

This Renewed Motion also seeks summary judgment on Viad's claim for breach of contract, which

is set forth in Count II of the Amended Counterclaim.[5]

## INTRODUCTION

MOTION, pages 1 - 4 (ECF Document 23, pages 31 - 34).

## FACTS AND CHRONOLOGY OF KEY EVENTS

MOTION, pages 4 - 6 (ECF Document 23, pages 24 - 36).

## ARGUMENT

**I.    THE SUMMARY JUDGMENT STANDARD**

MOTION, pages 6 - 7 (ECF Document 23, pages 36 - 37).

**II.    THE DISPUTE BETWEEN THE PARTIES**

MOTION, pages 7 - 9 (ECF Document 23, pages 37 - 39).

---

Implied Covenant of Good Faith and Fair Dealing; Count III - Attorneys Fees.  As a result of
Viad's re-numbering of the counts, to the extent that incorporated references to Montgomery
Road's Original SJ Filings include references to "Count II" (breach of implied covenant of good
faith and fair dealing), those references should now be read as "Count III" (breach of implied
covenant of good faith and fair dealing in the Amended Counterclaim).  Viad's original
Counterclaim did not include a claim for breach of contract, which is now set forth in Count II of
the Amended Counterclaim.

    [5]  Because the Amended Counterclaim was not filed until April 2, 2007 (after the
deadline for filing summary judgment motions), the Montgomery Road Parties did not seek
summary judgment on the claim for breach of contract, which was first asserted in that pleading.
Viad, however, sought summary judgment on its breach of contract claim, so the Montgomery
Road Parties addressed the breach of contract claim in their Opposition to the Viad Motion for
Summary Judgment.  Accordingly, portions of the Opposition are incorporated herein.

III.   **THE REZNICK OPINION IS BINDING ON THE PARTIES**

MOTION, pages 9 - 14 (ECF Document 23,  pages 39 - 44).

OPPOSITION Page 5 (ECF Document 30,  page 55) (arbitration proceeding is binding).

IV.   **THE REZNICK OPINION'S RESOLUTION OF ISSUES 1 - 5 IS SUPPORTED BY THE TERMS OF THE CASH PARTICIPATION AGREEMENT**

MOTION, pages 14 - 15 (ECF Document 23, pages 44 - 45).

A.   **Developer's Equity Return is Properly Deductible in the Appreciation Cash Flow Calculation**

MOTION, pages 15 - 16 (ECF Document 23, pages 45 - 46).

OPPOSITION, pages 12-15 (ECF Document 30,  pages 62-65)

B.   **S& S Finance's Acquisition of the Mortgage was not a Refinancing**

MOTION, pages 16 - 18 (ECF Document 23, pages 46  - 48).

C.   **Amounts Advanced to Pay Interest or other Expenses Should Be Included in Developer's Operating Equity**

MOTION, pages 18 - 19 (ECF Document 23, pages 48 - 49).

OPPOSITION, pages 15 - 25 (ECF Document 30,  pages 65 - 75).[6]

D.   **Computations of Operations Cash Flow and Developer's Operating Equity are Not Impacted by the Form the Interest Obligation Takes**

MOTION, pages 19 - 20 (ECF Document 23, pages 49 - 50).

---

[6] The Original SJ Filings included similar charts at page 28 of the Motion, and page 21 of the Opposition to describe the "defined terms" which comprise the components of the Appreciation Cash Flow.  The chart at page 21 of the Opposition, also specifically includes the "expense" component, as defined in § 2.3 of the Cash Participation Agreement.  See OPPOSITION, pages 16- 21 (ECF Document 30,  pages 66 - 71).

4

E.    The First Mortgage Was Debt, Not Equity

MOTION, pages 20 - 21 (ECF Document 23, pages 50 - 51).

OPPOSITION, page 14 (ECF Document 30, page 64).

F.    Deduction for Interest Charged should Not be Reduced to Reflect Loan Discount

MOTION, pages 21 - 22 (ECF Document 23, pages 51 - 52).

V.    TREATING THE S&S ADVANCES AS PERMITTED DEBT PROVIDES AN ALTERNATIVE APPROACH UNDER THE CASH PARTICIPATION AGREEMENT

MOTION, pages 22 - 29 (ECF Document 23, pages 52 - 59).

OPPOSITION, pages 15 - 25 (ECF Document 30,  pages 65 - 75)

VI.    THE TDRs SHOULD NOT BE INCLUDED IN THE CASH APPRECIATION CALCULATIONS[7]

MOTION, pages 29 - 30 (ECF Document 23, pages 59 - 60).

A.    TDRs In General

MOTION, pages 30 - 32 (ECF Document 23, pages 60 - 62).

B.    The History of TDRs in the District of Columbia

MOTION, pages 32 - 34 (ECF Document 23, pages 62 - 64).

C.    The TDRs In This Case

MOTION, pages 34 - 39 (ECF Document 23, pages 64 - 69).

---

[7] Both parties seek a declaration regarding whether the TDRs are included in the Appreciation Cash Flow: Montgomery Road's claim is set forth in SAC Count II, and Viad's claim is set forth in Amended Counterclaim Count I.  Both claims are essentially a mirror image of the other party's claim.  The Montgomery Road Parties seek summary judgment in their favor on the TDR claims contained in both the SAC and the Amended Counterclaim, *i.e.,* a finding that the value of the TDRs are not included in the value of the Property when calculating the Cash Appreciation Payment.

VII.   **MONTGOMERY ROAD IS ENTITLED TO SUMMARY JUDGMENT ON VIAD'S CLAIM OF BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (AMENDED COUNTERCLAIM COUNT III)**

MOTION, pages 39 - 40 (ECF Document 23, pages 69 - 70).

       A.   **Montgomery Road Did Not Owe A Duty Of Good Faith And Fair Dealing To Viad**

MOTION, pages 40 - 41 (ECF Document 23, pages 70 - 71).

       B.   **Even If Montgomery Road Owed A Duty Of Good Faith And Fair Dealing, It Did Not Breach The Duty**

MOTION, pages 41 - 45 (ECF Document 23, pages 71 - 75).

<u>**NEW ARGUMENTS**</u> [8]

VIII.  **MONTGOMERY ROAD IS ENTITLED TO SUMMARY JUDGMENT ON VIAD'S CLAIM OF BREACH OF CONTRACT (AMENDED COUNTERCLAIM COUNT II)**

In Count II of the Amended Counterclaim, Viad alleges that Montgomery Road has breached the Cash Participation Agreement "during the course of this litigation" by: 1) failing to make the Appreciation Cash Payment; 2) by failing to provide a statement pursuant to § 3.9 of the Cash Participation Agreement; 3) by failing to name an appraiser to "contest" the fair market value of the Property; and 4) by failing to provide financial statements for 2005 and 2006.  Viad further alleges in this Count that an "audit" of the records is required.  Montgomery Road  now seeks summary judgment on each of these alleged "defaults" under the Cash Participation Agreement.

---

[8]  The arguments set forth in this section are addressed to the breach of contract claim set forth in Viad's Amended Counterclaim, which had not yet been asserted at the time the Montgomery Road Parties filed their Motion for Summary Judgment on March 29, 2007.  The breach of contract claim (Count II), was however, a basis of Viad's Motion for Summary Judgment.  This section also addresses both parties claims for attorneys fees.

A. **Any Alleged Default Relating to the 2005 and 2006 Financial Statements Has Been Cured, was Not a Material Breach, and Did Not Damage Viad**

In ¶¶ 45-47 of Count II of the Amended Counterclaim, Viad alleges that Montgomery Road has breached the Cash Participation Agreement by failing to provide financial statements for 2005 and 2006. Montgomery Road is entitled to summary judgment on this claim, on the grounds that the breach, if any, was not material, as set forth in:

OPPOSITION, pages 35- 37 (ECF Document 30, pages 85 - 87).

Montgomery Road is entitled to summary judgment on the further grounds that on June 27, 2007, the required financial statements were provided, as set forth in:

SUPPLEMENTAL FILING, pages 1 - 3 (ECF Document 42, pages 1 - 3) (attaching 2005, 2006, and 2007 Financial Statements, with unqualified opinion of outside auditor).

See also Declaration of Clemens Mueller, Exhibit 1 hereto. Moreover, there is no evidence of any damages relating to any alleged failure to timely tender the financial statements.

B. **Montgomery Road is Entitled to Summary Judgment on Viad's Breach of Contract Claim for an Alleged Default for Failure to Make the Appreciation Cash Payment, or to Provide a "Statement" for calculating the Payment**

In ¶¶ 26-33 of Count II of the Amended Counterclaim, Viad alleges that Montgomery Road has breached the Cash Participation Agreement by failing to make the Appreciation Cash Payment within three days of closing on the sale of 90 K Street, and by failing to provide a statement pursuant to § 3.9 of the Cash Participation Agreement for the calculation of the Appreciation Cash Flow. Montgomery Road is entitled to summary judgment on this claim, on the grounds that the issue of the amount of the Appreciation Cash Payment, if any, cannot constitute a breach, because it has been the subject of this litigation in advance of the closing of the sale of 90 K Street, as set forth in

OPPOSITION, page 38 (ECF Document 30, pages 88).

Montgomery Road is entitled to summary judgment on the further grounds that on June 27, 2007, the "Statement" was provided, as set forth in:

> SUPPLEMENTAL FILING, page 2 (ECF Document 42, page 2) (Exhibit D to the filing contains a Schedule of Appreciation Cash Flow as of the date of the sale of 90K Street).

**C.    Montgomery Road  is Entitled to Summary Judgment on Viad's Breach of Contract Claim for an Alleged Default Relating to the Appraisal Process**

In ¶¶ 34-42 of  Count II of the Amended Counterclaim, Viad alleges that Montgomery Road has breached the Cash Participation Agreement by failing to "name an appraiser" pursuant to § 3.8 of the Agreement.   Viad further alleges (in ¶¶ 43-44) that accordingly, the "Agreed Value" of the property is either the purchase price of the Property plus the TDR's (totalling $67,424,457), or the "fair market value" determined by Viad's expert in this case (also including the TDR's, for a total of $64,800,000).  Montgomery Road seeks summary judgment on this breach of contract claim on the grounds that the "appraisal" process under the contract was not invoked by Viad when it tendered its "appraisal" by Mr. Halbert.  Rather, Mr. Halbert's "appraisal" was tendered as an expert report pursuant to the Scheduling Order in this case.   Summary judgment is appropriate with regard to these claims for the reasons set forth in:

> OPPOSITION, pages 39-40 (ECF Document 30,  pages 89-90).

**D.    Montgomery Road  is Entitled to Summary Judgment on Viad's Request for An Audit of MRLP's Records**

In ¶¶ 48-49 of  Count II of the Amended Counterclaim, Viad alleges that Montgomery Road has breached the Cash Participation Agreement by providing financials "during the course of the litigation" which do not "comply with the requirements of the CPA."   As a result, Viad claims it is entitled to an "audit" of Montgomery Road's books.  Amended Counterclaim ¶54.  Summary judgment is appropriate with regard to the request for an audit, because, as set forth above,  the

Reznick Group has already tendered its binding conclusion that the interest expense attributable to

the advances from S&S Finance were to be deducted in computing the Appreciation Cash Payment.

The issue here is straightforward: whether the interest expense attributable to advances funded by

S&S Finance are proper deductions, and whether the purchase price of the TDRs is included in

determining the value of the Property.  An audit of Montgomery Road's records will not provide any

assistance to the determination of those issues.   Special Purpose Financial Statements have been

provided for twenty years, and tens of thousands of pages of documentation have been provided in

this litigation, and other than the c*lassification* of the interest expense, Viad has not challenged *any*

expense items related to the maintenance of the Property, either in this litigation, or in the Reznick

arbitration.  Further support for the grant of summary judgment in Montgomery Road's favor is set

forth in:

> OPPOSITION, pages 40-41 (ECF Document 30,  pages 90).

In addition, on June 27, 2007, the required financial statements were provided, as set forth in:

> SUPPLEMENTAL FILING, pages 1 - 3 (ECF Document 42, pages 1 - 3) (attaching 2005,
> 2006, and 2007 Financial Statements, with unqualified opinion of outside auditor).

See also Declaration of Clemens Mueller, Exhibit 1 hereto (regarding audit of financial statements).


**IX**.    **MONTGOMERY ROAD IS ENTITLED TO SUMMARY JUDGMENT ON VIAD'S CLAIM FOR ATTORNEYS FEES (AMENDED COUNTERCLAIM COUNT IV)**

In ¶¶ 62-64 of the Amended Counterclaim, Viad alleges that Montgomery Road has breached

the Cash Participation Agreement, and thus, Viad should be awarded its attorneys fees pursuant to

§ 7.4 of the agreement.  Summary judgment for Montgomery Road  is appropriate with regard to

these claims for the reasons set forth in:

> OPPOSITION, pages 44-45 (ECF Document 30,  pages 94-95).

## X.    MONTGOMERY ROAD IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIM FOR ATTORNEYS FEES (SAC COUNT III)

As set forth in all of Montgomery Road's Original Summary Judgment Filings, Viad has taken the position that advances made by S&S Finance (and the interest thereon) are not to be considered in the calculation of the Appreciation Cash Payment.  In addition, Viad has taken the position that, as a component of any Appreciation Cash Payment, it is also entitled to 15% of the value of the TDRs sold (and to be sold) to TCMD.  There is however, as set forth above, and in the Original SJ Filings, no basis for such an entitlement under the terms of the CPA.  The dispute over the Appreciation Cash Payment and whether the TDRs were a component of the calculation resulted in Viad demanding a $4.5 million escrow before it would release the Deed of Trust on 90 K Street so that the transaction with TCMD could close.  See OPPOSITION Exhibit 4 (Rose Declaration, 4-19-07) at ¶34; OPPOSITION Exhibit 47 (Deposit Agreement, 12-21-06).  Viad's refusal to execute a release of its lien, and its insistence on the $4.5 million escrow (to release its lien so the TCMD transaction could close), constitutes a failure by Viad to perform its obligations under the CPA.  Accordingly, and pursuant to §7.4 of the CPA, MRLP is entitled to its attorneys fees and costs in bringing this action, and defending against Viad's Counterclaim and Third-Party claim.

## CONCLUSION

For the foregoing reasons, Montgomery Road and Montgomery Road TDR respectfully request the Court to grant their Renewed Motion for Summary Judgment.

10

Respectfully submitted,
COOTER, MANGOLD, TOMPERT
 & KARAS, L.L.P.


_____/s/_____

Dale A. Cooter, Bar #227454
Donna S. Mangold, Bar #358851
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C.  20015
(202)537-0700
efiling@cootermangold.com

*Attorneys for Plaintiff/Counterdefendant Montgomery Road I Limited Partnership and Third-Party Defendant Montgomery Road TDR, LLC*

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MONTGOMERY ROAD I** ) | |
| **LIMITED PARTNERSHIP,** ) | |
| ) | |
| **Plaintiff/** ) | |
| **Counter-Defendant,** ) | |
| ) | **Case No. 1:06CV00344 (HHK)** |
| ) | |
| **v.** ) | |
| ) | |
| **VIAD CORP,** ) | |
| ) | |
| **Defendant/** ) | |
| **Counter-Plaintiff/** ) | |
| **Third-Party Plaintiff** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **MONTGOMERY ROAD TDR, LLC,** ) | |
| ) | |
| **Third-Party Defendant** ) | |

## **<u>ORDER</u>**

UPON CONSIDERATION OF the Renewed Motion of Plaintiff/Counterdefendant Montgomery Road I Limited Partnership and Third-Party Defendant Montgomery Road TDR, LLC (together, "Montgomery Road"), for summary judgment, their supporting Memorandum of Points and Authorities and Statement of Material Facts Not in Dispute, and any opposition thereto by the Defendant/Counterplaintiff Viad Corp., and any hearing thereon, it is this _____ day of _____, 2007, hereby

ORDERED, that Montgomery Road's Motion for Summary Judgment be, and it hereby is, GRANTED, and it is hereby

FURTHER ORDERED that in light of the foregoing grant of summary judgment, it is hereby:

DECLARED, that the April 10, 2005 Reznick Opinion is binding on the parties; and it is further

DECLARED, that all advances from S&S Finance Limited Partnership, and the interest thereon, are Permitted Debt, and shall be deducted in the computation of Appreciation Cash Flow (and the Appreciation Cash Payment) under the Cash Participation Agreement, and it is further

DECLARED, that transferable development rights are not Improvements or Real Property and shall not be included in the computation of Appreciation Cash Flow under the parties' Cash Participation Agreement.

_____
Henry H. Kennedy, Jr., Judge
United States District Judge


copies through the Court's E-Filing System to:

Dale A. Cooter, Bar #227454
Donna S. Mangold, Bar #358851
Cooter, Mangold, Tompert
 & Karas, L.L.P.
5301 Wisconsin Avenue, N.W.
Suite 500
Washington, D.C.  20015

Rodney F. Page, Esq.
Bryan Cave LLP
700 Thirteenth Street, N.W.
Suite 700
Washington, D.C. 20005

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 6th day of September, 2007, a copy of the **RENEWED MOTION OF MONTGOMERY ROAD I LIMITED PARTNERSHIP AND MONTGOMERY ROAD TDR, LLC FOR SUMMARY JUDGMENT, MEMORANDUM OF POINTS AND AUTHORITIES, STATEMENT OF MATERIAL FACTS NOT IN DISPUTE** and **EXHIBIT** in support thereof, and proposed **ORDER** was served  upon the following counsel, by electronic transmission through the ECF  system:

> Rodney F. Page, Esq.
> Bryan Cave LLP
> 700 Thirteenth Street, N.W.
> Suite 700
> Washington, D.C. 20005

> _____/s/_____
> Donna S. Mangold