**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MONTGOMERY ROAD I LIMITED PARTNERSHIP,<br>    Plaintiff and<br>    Counter Defendant<br>v.<br><br>VIAD CORP,<br>    Defendant and<br>    Counterclaimant<br>    and Plaintiff on<br>    the Counterclaim<br>v.<br><br>MONTGOMERY ROAD TDR, LLC<br>A DISTRICT OF COLUMBIA LLC<br>5301 WISCONSIN AVENUE<br>WASHINGTON, D.C. 20015<br>    Additional<br>    Defendant on the<br>    Counterclaim | Case No. 1:06CV00344 (HHK) |

## MOTION FOR SUMMARY JUDGMENT BY DEFENDANT VIAD CORP

Defendant Viad Corp ("Viad") moves pursuant to Fed. R. Civ. P. 56 for summary judgment dismissing the Second Amended Complaint and entering judgment in its favor on its counterclaims in the action. The attention of the Court is respectfully directed to the Memorandum of Points and Authorities and to the Statement of Undisputed Material Facts filed herewith.

The Court has previously denied, without prejudice to renewal, Motions of both parties for Summary Judgment and encouraged the parties to rely upon and consolidate arguments raised in previously filed briefs.

In this motion, Viad seeks summary judgment dismissing all three counts of the Second Amended Complaint. The first count asks that the Court declare that an advisory opinion obtained by the parties from an accounting firm as to the interpretation of some terms of their Cash Participation Agreement ("CPA") is binding. As demonstrated hereafter, the advice was advisory only and does not have a binding effect. The same count seeks, "in the alternative", a declaration from the Court that Montgomery Road I Limited Partnership's ("MRLP") proposed accounting for the sale of the property by which all equity investment would be retroactively treated as debt and accrued, unpaid interest on that debt would be a permitted deduction from any amount owed to Viad is proper under the CPA. Viad demonstrates in its Memorandum that the proposed treatment is contrary to the plain language of the CPA.

The second count of MRLP's Second Amended Complaint seeks a declaration that Viad is not entitled to any payment arising from the portion of the sales price for the real estate which MRLP has assigned to an allegedly separate contract for the sale of Transferable Development Rights ("TDRs"). Viad demonstrates in this Motion that the contract is not separate, that TDRs are tied to the property subject to the CPA and otherwise, and that the relief sought by MRLP must be denied.

The third count of MRLP's Second Amended Complaint seeks attorneys fees and costs for bringing this action and in defending against Viad's counterclaim. Under the CPA, if either party brings suit against the other as a result of an alleged breach or failure of the other party to fulfill or perform any covenants or obligations under this Agreement, the prevailing party is entitled to attorneys fees and costs. MRLP cannot demonstrate that Viad has defaulted under the CPA or failed to perform its obligations and should therefore deny the relief sought.

Viad also seeks summary judgment on its Counterclaims. Specifically, in Counts I and II of the Amended and Supplemental Counterclaim, Viad seeks a declaration that: it is owed a payment under the CPA based on the full value of the property, including the value assigned by MRLP to the TDRs; that segmenting the price paid to MRLP for the property was a sham transaction; and that MRLP is in default for failure to pay Viad or even to report on the transaction as required by the CPA. Further, under Count II, MRLP is in default for failure to comply with the accounting reporting requirements of the CPA.

Summary judgment is also sought on Count III of the Counterclaim asserting that the failures and defaults by MRLP are breach of an implied duty and covenant of good faith and fair dealing. Finally, because the CPA provides for the payment of attorneys fees in the event of default and litigation, Viad seeks an award of fees for this litigation.

WHEREFORE, Viad moves for summary judgment on the First Amended Complaint and on the Amended and Supplemental Counterclaim.

    Respectfully Submitted,

    **BRYAN CAVE LLP**

    By: /s/ Rodney F. Page
    Rodney F. Page (DC Bar No. 37994)
    700 Thirteenth Street, N.W., Suite 700
    Washington, D.C. 20005-3960
    P: (202) 508-6000
    F: (202) 508-6200

    *Counsel for Defendant/Counterclaim-Plaintiff Viad Corp*

Dated: September 6, 2007