# EXHIBIT 7

**GREENEBAUM AND ROSE ASSOCIATES**
5301 WISCONSIN AVENUE, N.W.
SUITE 510
WASHINGTON, D.C. 20015

TEL (202) 686-3000
FAX (202) 686-3617

December 1, 2003

<u>Via Federal Express</u>

Mr. Stewart Greenebaum
Greenebaum & Rose Associates
1829 Reisterstown Road
Suite 410
Baltimore, Maryland 21208

RE:   90 K Street Partnership
      Agreement

Dear Stewart:

Enclosed are two amended 90 K Street Partnership Agreements signed by Sam, Reid and me. Also enclosed is a black lined copy. After you have had a chance to review the document, please sign and return one fully executed original to us.

Sincerely,

Steve Braesch

SB:cb

Enclosures

cc:   Ron Glassman

MR 16825

EIGHTH AMENDMENT TO CERTIFICATE AND
AGREEMENT OF LIMITED PARTNERSHIP OF
MONTGOMERY ROAD I LIMITED PARTNERSHIP

This Eighth Amendment is made and entered into as of the 1st day of January, 2003 (the "Effective Date").

WHEREAS, the Partners entered into a Certificate and Agreement of Limited Partnership dated December 30, 1986; and

WHEREAS, the Partners entered into a First Amendment to Certificate and Agreement of Limited Partnership on February 27, 1987; and

WHEREAS, the Partners entered into a Second Amendment to Certificate and Agreement of Limited Partnership on December 8, 1987; and

WHEREAS, the Partners entered into a Third Amendment to Certificate and Agreement of Limited Partnership on April 12, 1990; and

WHEREAS, the Partners entered into a Fourth Amendment to Certificate and Agreement of Limited Partnership on December 17, 1992.

WHEREAS, the Partners entered into a Fifth Amendment to Certificate and Agreement of Limited Partnership on December 9, 1998.

WHEREAS, the Partners entered into a Sixth Amendment to Certificate and Agreement of Limited Partnership on January 1, 2001; and

WHEREAS, the Partners entered into a Seventh Amendment to Certificate and Agreement of Limited Partnership on December 20, 2002.

The Partners now desire to further amend the Certificate and Agreement (i) to reflect the substitution of The Samuel G. Rose Revocable Trust as a Limited Partner in place of Samuel G. Rose, and (ii) to reflect the admission of Steven Braesch as a Limited Partner.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned parties mutually agree and certify that the

MR 16826

Certificate and Agreement is hereby further amended, subject to all applicable laws of the State of Maryland, as follows:

1. The Recitals to this Eighth Amendment are incorporated herein in full by this reference.

2. Section 5 of the Certificate and Agreement of Limited Partnership is hereby amended by substituting the following in lieu thereof:

> "5. <u>Name and place of Residence of Each Partner and Designation as General or Limited Partner; Resident Agent.</u>
>
> The name and business address of the General Partner is as follows:
>
> | <u>Name</u> | <u>Address:</u> |
> |---|---|
> | Montgomery Road, Inc. | 1829 Reisterstown Road Woodholme Center, Suite 410 Baltimore, MD 21208 |
>
> The names and addresses of the Limited Partners are as follows:
>
> | Name | Address |
> |---|---|
> | SJG Holdings, LLC | 1829 Reisterstown Road Woodholme Center, Suite 410 Baltimore, MD 21208 |
> | The Samuel G. Rose Revocable Trust | 5301 Wisconsin Avenue, N.W., Suite 510 Washington, D.C. 20015 |
> | Reid K. Liffmann | 5301 Wisconsin Avenue, N.W., Suite 510 Washington, D.C. 20015 |
> | Steven Braesch | 5301 Wisconsin Avenue, N.W., Suite 510 Washington, D.C. 20015 |
>
> The resident agent of the Partnership shall be Stewart J. Greenebaum, whose address is 1829 Reisterstown Road, Woodholme Center, Suite 410, Baltimore, Maryland 21208. The resident agent is a citizen of Maryland and actually resides therein."

3. Section 7 of the Certificate and Agreement of Limited Partnership, "Capital Contributions", is hereby deleted and the following Section 7 inserted in lieu thereof:

2

MR 16827

"7.     PARTNERSHIP CAPITAL.

(a)     The names and home or business addresses of the General Partner and the Limited Partners are shown in Section 5 above. Existing capital accounts are reflected in the partnership's tax return for 2002.

(b)     If additional funds are necessary for the construction of improvements, to fund operating deficits or otherwise, the General Partner shall use its best efforts to borrow funds from third parties on market terms.

(c)     The Limited Partners shall not be liable for the debts, liabilities, contracts or any other obligations of the Partnership in excess of their initial capital contributions. Notwithstanding the preceding sentence or anything else to the contrary contained in this Agreement, Reid K. Liffmann and Steven Braesch are each liable to the Partnership in proportion to their Percentage of Interest in the Partnership for any loans (including interest advances except interest on the $2,000,000 loan from S&S Finance (the "$2,000,000 Loan")) and capital contributions made to the Partnership after July 1, 1996 that are made from the other Partners or related parties to cover operating deficits (not including interest on the $2,000,000 Loan) and that relate to the Property to the extent not repaid by the Partnership from capital proceeds or otherwise.

(d)     Montgomery Road, Inc., SJG Holdings, LLC (and its predecessor) and The Samuel G. Rose Revocable Trust (and its predecessor) have previously made substantial capital contributions to the Partnership. In addition, the parties hereto recognize and agree that the Property owned by the Partnership has a value in excess of its cost basis to the Partnership. The Partners agree that the Fair Market Value of the Property (before any debt on the Property), is agreed to be the amount of $17,000,000.00 in the aggregate as of the Effective Date of this Eighth Amendment. The Fair Market Value of the Property shall be increased by the amount of predevelopment costs (i.e., direct out of pocket costs for engineering, architecture and related items, but with no overhead allocation), and real estate taxes paid on the Property after July 1, 1996 (net of income of the Partnership). The Partners further agree that the tax basis of the Property is $7,357,583 and the tax basis of project costs is $1,630,536 as of January 1, 2003. The Capital Accounts of Montgomery Road, Inc., SJG Holdings, Inc. and The Samuel G. Rose Revocable Trust shall be credited with their proportionate share of such excess between the Fair Market Value and the tax basis and they shall be entitled to (i) an 8.8% cumulative cash flow preference on such Fair Market Value, commencing after any building on the Property is constructed and rents and expenses are stabilized, and (ii) a first preference on extraordinary cash flow distributions, to the extent of such Fair Market Value, and (iii) a ten percent (10%) cumulative cash flow preference on all funds advanced by them to the Partnership (accounting from July 1, 1996) for development planning and the payment of real estate taxes for the Property (net of income of the Partnership). Notwithstanding the preceding sentence, the cash flow preferences of Montgomery Road, Inc., SJG Holdings, Inc. and The Samuel G. Rose Revocable Trust shall be reduced by any interest received by them or a related entity on Working Capital Loans.

(e)     Reid K. Liffmann has contributed to the Partnership, as his capital contribution, the sum of One Thousand Dollars ($1,000.00), representing the value of his

3                                   MR 16828

Partnership Interest, after taking into account the preferences to other Partners set forth in this Agreement.

(f) Steven Braesch shall contribute to the Partnership, as his capital contribution as of the Effective Date, the sum of One Thousand Dollars ($1,000.00). The Partners believe that such amount represents the value of a fifteen percent (15%) Partnership Interest, after taking into account the preferences to other Partners set forth in this Agreement. The other Limited Partners have agreed to reduce their Partnership Interest percentage as reflected herein so as to admit Steven Braesch as a Limited Partner with a fifteen-percent (15%) Partnership Interest.

(g) Except as may otherwise be specifically agreed in writing by all of the Partners, the provisions of this Section 7 are not intended to be for the benefit of any creditor or other person (other than a Partner in his capacity as such) to whom any debts, liabilities or obligations are owed by (or who otherwise has any claim against) the Partnership or any of the Partners; and no such creditor or other person shall obtain any benefit from such provisions or shall, by reason of any such foregoing provision, make any claim in respect of any debt, liability or obligation against the Partnership or any of the Partners.

(h) An individual capital account shall be maintained for each Partner in accordance with the regulations from time to time promulgated by the Internal Revenue Service pursuant to Section 704 of the Internal Revenue Code."

4. Section 8(d) of the Certificate and Agreement, as amended in the Sixth Amendment to Certificate and Agreement of Limited Partnership of Montgomery Road I Limited Partnership, shall be deleted and the following inserted in lieu thereof:

"8(d) The percentage of partnership interest of the Partners shall be as follows:

| **General Partner** | **Percentage** ** |
|---|---|
| Montgomery Road, Inc. | 1% |
| **Limited Partners** | |
| SJG Holdings, LLC | 34.5% |
| The Samuel G. Rose Revocable Trust | 34.5% |
| Reid K. Liffmann | 15% |
| Steven Braesch | 15%" |

** Subject to Preferences as set forth in this Agreement.

5. Section 31 of the Certificate and Agreement, Profit, Loss and Distributions, is modified by substituting the following subparagraph (b) (3).

"(b)(3) Cash Flow will be distributed first to partners having a cash flow preference to the extent of such preference, with the balance to Partners in proportion to Partnership Percentages. Provided that if the property is sold before construction of a building,

the first Twenty Million Dollars ($20,000,000) will be distributed to Partners other than Reid K. Liffmann and Steven Braesch."

6. Section 31 of the Certificate and Agreement is further modified by substituting the following subparagraph (d):

"(d) <u>Liquidation or Dissolution</u>. In the event the Partnership is liquidated or dissolved, the net assets of the Partnership (after allowance for the items described in Section 21(c) below) shall be distributed first to SJG Holdings, LLC, Montgomery Road, Inc. and The Samuel G. Rose Revocable Trust in accordance with any cash flow preferences under Section 7(d) or Section 31(b) (3), as applicable, with the remainder to the Partners in accordance with their respective Percentages of Interest, it being intended that SJG Holdings, Inc. and The Samuel G. Rose Revocable Trust and Montgomery Road, Inc. shall first receive their preference, with any excess distributions allocated in proportion to all Partners' Percentages of Interest."

7. Section 32 of the Certificate and Agreement shall be deleted and the following inserted in lieu thereof:

"32. <u>Termination of Employment of Reid K. Liffman or Steven Braesch</u>. If Reid K. Liffman or Steven Braesch shall voluntarily terminate his employment with the Greenebaum & Rose entities prior to completion of construction of an office building on the Property and acceptance of the building for rent commencement by the major tenant(s) of such building, or prior to the sale of the Property, then his interest shall be purchased one-half by The Samuel G. Rose Revocable Trust and one-half by SJG Holdings, LLC  The Purchase Price for such terminated Partner's Partnership Interest shall be $1.00 plus his positive capital account, if any. After such purchase, such former Partner shall have no responsibility for any liabilities or obligations of the Partnership."

Except as amended herein, the Certificate and Agreement of Limited Partnership of Montgomery Road I Limited Partnership, as amended by the First, Second, Third, Fourth, Fifth, Sixth and Seventh Amendments thereto, shall remain unmodified and in full force and effect.

IN WITNESS WHEREOF, the parties hereto acknowledge that this Eighth Amendment to Certificate and Agreement of Limited Partnership is their act as of the day and year first above written, and to the best of their knowledge, information and belief, the matters and facts set forth therein are true in all material respects, under the penalties of perjury.

|  |  |
|---|---|
| **WITNESS/ATTEST:** | **GENERAL PARTNER:**<br>**MONTGOMERY ROAD, INC.** |
| _____ | By:_____(SEAL)<br>Stewart J. Greenebaum,<br>President |

**Signatures Continued ...**

6

MR 16831

**LIMITED PARTNERS:**
**SJG HOLDINGS, LLC**

By: _____(SEAL)
    Stewart J. Greenebaum,
    Authorized Person, Member

**THE SAMUEL G. ROSE REVOCABLE TRUST**

By: _____(SEAL)
    Samuel G. Rose, Trustee

_____(SEAL)
Reid K. Liffmann

**ADDITIONAL LIMITED PARTNER**

_____(SEAL)
Steven Braesch

G:\files\CTDillon\Greenebaum\Trusts\Montgomery Road I 8th Amend to Cert & Agree of LP.ver3.doc

7
MR 16832