# EXHIBIT 33

**GREENEBAUM AND ROSE ASSOCIATES**
5301 WISCONSIN AVENUE, N.W.
SUITE 510
WASHINGTON, D.C. 20015

TEL (202) 686-3000
FAX (202) 686-3617

May 2, 2005

Ms. Eve Fiorucci
Transportation Leasing Co
c/o VIAD Corp
1850 North Central Avenue, 10th Floor
Phoenix, Arizona 85004

RE:   90 K Street
      Washington, DC

Dear Eve:

We have received a written report from Reznick Group and I assume you have also received your copy. As you recall, Reznick was one of your selections as an accountant firm to analyze the differences we have had under the Participation Agreement.

It is clear that Reznick feels that unless we sell the property for more than $37 million there is not enough profit for Greyhound to achieve <u>any</u> participation. As you recall, we had sold this property a few years ago to Level 3 for $24 million but the sale was never consummated. So, achieving the number that Reznick used is certainly a best case scenario. By any measure, and by any common sense at the end of the day, Transportation Leasing's participation will be zero. So, the only motivation for us to pay Transportation Leasing Association anything is to remove the Right of First Refusal to purchase the property by TLA. Your Right of First Refusal is definitely an inhibiting factor whenever we talk to a potential purchaser. Furthermore, we are sure that TLA is not going to exercise their option to buy and pay us over $30 million for the subject property. So if TLA has no participation interest and is not interested in purchasing the property there is no purpose in prolonging the Participation Agreement.

So, we have two choices. The first is to do nothing and TLA gets nothing. G & R wastes a lot of time fooling with your Right of First Refusal and arguing about a worthless Participation Agreement. For this reason, we are willing to pay Greyhound $75,000 as a one-time payment up front to terminate the agreement. We will deposit our check into a reputable title company and with instructions for the money to be released as soon as a fully executed agreement is received.

Ms. Eve Fiorucci
May 2, 2005
Page Two

      While you are thinking about your decision, let me point out one other fact about Reznick's written opinion. The Participation Agreement which was "drawn by TLA" states that if we mutually select an accountant, their opinion should be binding. Although you made a statement in your signed authorization letter to Reznick that you would not be blind to their opinion, you failed to get us to agree to that. Your Participation Agreement clearly requires two signatures to make changes to the agreement. So the Reznick opinion, whether we like it or not, is binding.

      We purchased the property more than 15 years ago for its full value. There was never any justification for TLA to share in future profits. We signed the agreement because it was put in front of us at the last minute on a take it or leave it basis. If the property had sold sooner, Greyhound might have had a share in the profit. However, after 15 years the carrying costs have exceeded the increase the value of the property. If anyone was harmed by this, it was us because we have carried all cost out of pocket for 15 years. Greyhound has had a one way road because they only shared in the upside if there was one. As the saying goes, "you can't get blood out of a turnip". Call me at your convenience.

                                                  Sincerely yours,

                                                 Samuel G. Rose

SGR:snl