# EXHIBIT 53



VIAD CORP
1850 North Central Avenue
Phoenix, AZ 85077
602-207-4000

February 21, 2007

Montgomery Road I Limited Partnership
c/o Mr. Samuel G. Rose
c/o Greenebaum and Rose Associates
5301 Wisconsin Avenue, N.W.
Suite 510
Washington, DC 20015

    Re:    **Notice of Default under the Cash Participation Agreement**

Gentlemen:

    We were informed on January 12, 2007, that the transaction between TC MidAtlantic Development, Inc. and Montgomery Road I Limited Partnership ("MRLP") closed on January 11, 2007. Under the Cash Participation Agreement ("CPA"), Viad Corp ("Viad"), as successor in interest to Transportation Leasing Co., should have received the Appreciation Cash Payment three (3) days after closing, along with "a statement reflecting the Agreed Value, the Approved Deductions, the Closing Costs and the Appreciation Cash Flow used in calculating the Appreciation Cash Payment and a detailed breakdown of all items necessary for the calculation of each such item." (CPA, Sections 3.2 and 3.9). Even if MRLP maintains that there was no Appreciation Cash Payment due after closing, Viad was entitled to receive the above referenced statement within three (3) days.

    In the event of a sale of the property, the Appreciation Cash Payment is calculated using the Agreed Value of the property, which is the greater of the contract price or the fair market value. (CPA, Section 3.3(a)). The fair market value can be determined by written agreement between MRLP and Viad. (CPA, Section 3.8). Because MRLP instituted litigation intended to avoid any payment under the CPA, we acknowledge that an agreement as to the Agreed Value is unlikely.

    Under the CPA, if no agreement is reached within 30 days after Viad receives notice of the occurrence of an event that requires the determination of the fair market value, then the fair market value shall be determined by appraisers. (CPA, Section 3.8). MRLP and Viad must each select an appraiser within 15 days after the expiration of the 30 day period, or 15 days after the parties determine that the fair market value shall be determined by appraisal, whichever is earlier. (CPA, Section 3.8).

Because the transaction closed on January 11, 2007 and Viad received notice on January 12, the 30 day period referenced in Section 3.8 ended on Sunday, February 11, 2007. On January 31, 2007, you received notice that Viad had selected an appraiser when we served your counsel with the expert report of Steven Halbert, MAI. After receiving notice, MRLP had 15 days to designate an appraiser. This designation should have been made by February 15, 2007. Moreover, MRLP has not designated an appraiser to testify as an expert witness despite the fact that the court-imposed deadline for doing so in the litigation has passed.

Because of its failure to provide Viad with an Appreciation Cash Payment statement and to select an appraiser, MRLP is currently in default under the CPA. This notice is given under Section 7.3 of the CPA.

Sincerely,

Viad Corp, successor
 in interest to Transportation Leasing Co.

*Eve Fiorucci*
By: Eve Fiorucci