# EXHIBIT 55

FIRST AMENDMENT TO AGREEMENT OF PURCHASE AND SALE
OF TRANSFERABLE DEVELOPMENT RIGHTS

THIS FIRST AGREEMENT OF PURCHASE AND SALE OF TRANSFERABLE DEVELOPMENT RIGHTS ("Agreement") is made and entered into this 31st day of October, 2006, by and between **MONTGOMERY ROAD I LIMITED PARTNERSHIP**, a Maryland limited partnership and its permitted assigns ("**Seller**"), and **TC MIDATLANTIC DEVELOPMENT, INC.**, a Delaware corporation, and its permitted assigns ("**Purchaser**")

RECITALS:

A. Seller and Purchaser are parties to that certain Agreement of Purchase and Sale of Transferable Development Rights with an Effective Date of August 10, 2006 (the "Agreement").

B. Seller and Purchaser desire to amend and modify certain terms and provisions of the Agreement as is set forth below.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1. Definitions. All capitalized terms not otherwise defined herein shall have the meanings given them in the Agreement.

2. To-Be-Acquired TDRs. Recital E of the Agreement is hereby deleted in its entirety and is replaced with the following:

> In addition to the Existing TDRs, Seller (or an affiliate of Seller) intends to enter into one or more contracts to acquire a minimum of one hundred twenty-four thousand two hundred ninety-four (124,294) square feet of additional transferable development rights (the "**To Be Acquired TDRs**")

3. Purchase Price. Section 1.2(a) of the Agreement is hereby deleted in its entirety and is replaced with the following:

> In consideration of the transfer of the TDRs, Purchaser shall pay to Seller the sum of Twenty-One Million Three Hundred Eighty-Seven Thousand Nine Hundred Twenty-Nine and 00/100 Dollars ($21,387,929.00) ("Purchase Price").

4. Payment. The first sentence of Section 1.2(b) of the Agreement is hereby deleted in its entirety and is replaced with the following:

> The Purchase Price shall be paid by Purchaser to Seller at the Closing and on the Closing Date (as such terms are defined in the Land Purchase Agreement), as follows: (i) Eight Million Three Hundred Eighty-Seven Thousand Nine Hundred

- 1 -

Twenty-Nine Dollars ($8,387,929.00) in cash or other immediately available federal funds (the "**Cash Portion of the Purchase Price**"), and (ii) the balance of the Purchase Price of up to Thirteen Million Dollars ($13,000,000.00) shall be deferred (the "**Deferred Portion of the Purchase Price**") and shall become due and payable in cash or other immediately available federal funds when Seller delivers the To Be Acquired TDRs, or assigns the TDR Contract to Purchaser (which assignment will be simultaneously with the closing under the TDR Contract).

5. <u>Potential Adjustment of Deferred Portion of the Purchase Price</u>. Section 1.3(c) of the Agreement is hereby deleted in its entirety and is replaced with the following:

To the extent Seller conveys less than 124,294 square feet of To Be Acquired TDRs, the Deferred Portion of the Purchase Price shall be adjusted at the rate of $104.59 per square foot of To Be Acquired TDRs that are conveyed or assigned. Seller's failure to deliver all ~~118,000~~ 124,294 [DBK] square feet of To Be Acquired TDRs shall not constitute a default by Seller or excuse the performance by Purchaser hereunder (with respect to those To Be Acquired TDRs which Seller does in fact deliver in accordance herewith).

6. <u>Deposit</u>. Section 1.3 of the Agreement is hereby deleted in its entirety and is replaced with the following:

By 1:00 p.m. on November 1, 2006, Purchaser shall increase the Initial Earnest Money deposited with the Escrow Agent by the amount of Six Hundred Fifty Thousand Four Hundred Ninety-Seven and 00/100 Dollars ($650,497.00), so that the total Earnest Money shall then be Six Hundred Seventy-Two Thousand Eight Hundred Ninety-Seven and 00/100 Dollars ($672,897.00) in the aggregate.

7. <u>Secondary Closing</u>. Section 2.1(b) of the Agreement is hereby deleted in its entirety and is replaced with the following:

Payment of the Deferred Portion of the Purchase Price ("**Secondary Closing**") shall take place at the offices of the Escrow Agent on a date and time ("**Secondary Closing Date**") as designated by the Seller, upon ten (10) days prior written notice to Purchaser; provided that the Secondary Closing Date shall be no earlier than twenty-four (24) months after the Closing Date, and no later than thirty (30) months after the Closing Date. If Purchaser is entitled to receive a Rebate for Retail (as defined in the Second Amendment to the Land Purchase Agreement), then the Secondary Closing Date shall be the date the Rebate for Retail is due and payable.

8. <u>Counterparts</u>. This Amendment may be executed in any number of counterparts, all of which together shall have the effect of a single instrument. This Amendment may be delivered via facsimile transmission.

Twenty-Nine Dollars ($8,387,929.00) in cash or other immediately available federal funds (the "**Cash Portion of the Purchase Price**"), and (ii) the balance of the Purchase Price of up to Thirteen Million Dollars ($13,000,000.00) shall be deferred (the "**Deferred Portion of the Purchase Price**") and shall become due and payable in cash or other immediately available federal funds when Seller delivers the To Be Acquired TDRs, or assigns the TDR Contract to Purchaser (which assignment will be simultaneously with the closing under the TDR Contract).

5. <u>Potential Adjustment of Deferred Portion of the Purchase Price</u>. Section 1.3(c) of the Agreement is hereby deleted in its entirety and is replaced with the following:

To the extent Seller conveys less than 124,294 square feet of To Be Acquired TDRs, the Deferred Portion of the Purchase Price shall be adjusted at the rate of $104.59 per square foot of To Be Acquired TDRs that are conveyed or assigned. Seller's failure to deliver all ~~118,000~~ 124,294 [handwritten] square feet of To Be Acquired TDRs shall not constitute a default by Seller or excuse the performance by Purchaser hereunder (with respect to those To Be Acquired TDRs which Seller does in fact deliver in accordance herewith).

6. <u>Deposit</u>. Section 1.3 of the Agreement is hereby deleted in its entirety and is replaced with the following:

By 1:00 p.m. on November 1, 2006, Purchaser shall increase the Initial Earnest Money deposited with the Escrow Agent by the amount of Six Hundred Fifty Thousand Four Hundred Ninety-Seven and 00/100 Dollars ($650,497.00), so that the total Earnest Money shall then be Six Hundred Seventy-Two Thousand Eight Hundred Ninety-Seven and 00/100 Dollars ($672,897.00) in the aggregate.

7. <u>Secondary Closing</u>. Section 2.1(b) of the Agreement is hereby deleted in its entirety and is replaced with the following:

Payment of the Deferred Portion of the Purchase Price ("**Secondary Closing**") shall take place at the offices of the Escrow Agent on a date and time ("**Secondary Closing Date**") as designated by the Seller, upon ten (10) days prior written notice to Purchaser; provided that the Secondary Closing Date shall be no earlier than twenty-four (24) months after the Closing Date, and no later than thirty (30) months after the Closing Date. If Purchaser is entitled to receive a Rebate for Retail (as defined in the Second Amendment to the Land Purchase Agreement), then the Secondary Closing Date shall be the date the Rebate for Retail is due and payable.

8. <u>Counterparts</u>. This Amendment may be executed in any number of counterparts, all of which together shall have the effect of a single instrument. This Amendment may be delivered via facsimile transmission.

9. Governing Law. This Amendment shall be governed by and construed in accordance with the laws of the District of Columbia.

10. No Further Modification. Except as otherwise specifically amended and modified hereby, the Agreement remains in full force and effect as originally written.

IN WITNESS WHEREOF, the parties have caused this Amendment to be executed on their respective behalves as of the date set forth below.

**SELLER:**

**Montgomery Road I Limited Partnership,**
a Maryland limited partnership

By: Montgomery Road, Inc., its general partner

By: _____
     Samuel G. Rose, Vice President


**PURCHASER:**

**TC MidAtlantic Development, Inc.,**
a Delaware corporation

By: _____
     Daniel S. Hudson, President


F:\Clients\421\14\First Amendment to 90 K TDR 11-01-06 v1.DOC

- 3 -

9. Governing Law. This Amendment shall be governed by and construed in accordance with the laws of the District of Columbia.

10. No Further Modification. Except as otherwise specifically amended and modified hereby, the Agreement remains in full force and effect as originally written.

IN WITNESS WHEREOF, the parties have caused this Amendment to be executed on their respective behalves as of the date set forth below.

**SELLER:**

**Montgomery Road I Limited Partnership,**
a Maryland limited partnership

By: Montgomery Road, Inc., its general partner

By: _____
Samuel G. Rose, Vice President

**PURCHASER:**

**TC MidAtlantic Development, Inc.,**
a Delaware corporation

By: _____
Daniel S. Hudson, President

F:\Clients\421\14\First Amendment to 90 K TDR 11-01-06 v1.DOC

- 3 -