# EXHIBIT 56

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------x
MONTGOMERY ROAD I                :
LIMITED PARTNERSHIP,             :
                                 :
        Plaintiff/               :
     CounterDefendant,           :
                                 :
     v.                          :
                                 :
VIAD CORP.,                      :
                                 : No. 1:06CV00344(HHK)
        Defendant/               :
     CounterPlaintiff,           :
                                 :
     v.                          :
                                 :
MONTGOMERY ROAD I                :
LIMITED PARTNERSHIP,             :
                                 :
        Defendant/               :
     CounterPlaintiff.           :
---------------------------------x

                              Washington, D.C.
                     Thursday, February 15, 2007

Deposition of

            CYNTHIA GIORDANO

a witness, called for examination by counsel for
Plaintiff/CounterDefendant pursuant to notice and
agreement of counsel, beginning at approximately
10:13 a.m. at the law offices of Cooter Mangold
Tompert & Karas, 5301 Wisconsin Avenue, NW,

1     A    Yes.

2     Q    Now, my understanding is that there

3  are two ways -- and just correct me if I'm

4  wrong -- two ways to document the receipt of

5  TDRs.  One is to actually assign them to a

6  receiving lot, and one is just to create an

7  entity to hold them.  Would you agree with

8  that?  You don't have to attach it to a given

9  lot if you buy them.

10    A    That's correct.

11    Q    Now, would you agree that the TDRs

12 are not an "improvement," in normal parlance,

13 to the real estate of the receiving lot?

14         MR. PAGE:  Objection.

15         BY MR. COOTER:

16    Q    Go ahead.

17    A    The TDRs are not an improvement?

18    Q    Let me explain it to you.  What do

19 you perceive to be an improvement to real

20 estate?

21         MR. PAGE:  Objection; she wasn't

22 offered as a witness to describe or define

1   the word "improvement."

2           MR. COOTER:  Go ahead.

3           MR. PAGE:  You can do so if you

4   think you're capable of answering that

5   question.

6           MR. COOTER:  If she's not capable

7   of telling me what an improvement on real

8   estate is, I want her to say that.

9           MR. PAGE:  Well, would you agree

10  that you're not asking her for an

11  interpretation of what "improvement" under

12  the cash participation --

13          MR. COOTER:  I'm asking what I'm

14  asking.

15          BY MR. COOTER:

16      Q   What do you believe to be an

17  improvement on real estate?

18      A   I mean, in a general -- you know,

19  sense, an improvement is usually a building

20  or a structure.

21      Q   Okay.  That's fine.  If we go to

22  the next paragraph on page 4, you talk about

32

1   the permit: "DD Regs permit the banking of
2   TRDs."  And this is this concept where you
3   can create an entity just to hold them;
4   right?  If you buy some --
5       A   Yes -- I'm sorry, can you repeat
6   the question?
7       Q   Yes.  The DD Regulations also
8   permit banking --
9       A   Right.
10      Q   Holding of TDRs either on a
11  receiving lot (?) or independent of any
12  receiving lot; right?  This is this notion,
13  is it not, that if you buy some TDR that you
14  don't have to put them on a lot.
15      A   Correct.
16      Q   You can simply create an entity and
17  hold them.  Is that right?
18      A   Correct.
19      Q   Or to use your word: "bank them."
20      A   You don't necessarily need to
21  create an entity.  I mean -- but yes.
22      Q   And "that gives" -- using your last