# Exhibit 61

## CERTIFICATION OF RELEASE OF DEED OF TRUST

KNOW ALL BY THESE PRESENTS:

That Scott E. Sayre (name), V.P. General Counsel (title) of VIAD CORP, a Delaware Corporation, parent company of Transportation Leasing Co., a California corporation (beneficiary) and assignee by Assignment and Assumption dated November 30, 2000 and recorded on March 7, 2001, among the land records of the District of Columbia as Instrument No. 2001022323, does hereby certify and acknowledge, under penalties of perjury, that the certain deed of trust made by Montgomery Road I Limited Partnership, a Maryland limited partnership to Charles E. Duke, Trustee, dated December 9, 1987 and recorded December 10, 1987 as Instrument No. 8700069751 among the Land Records of the District of Columbia, which encumbers the real property described herein, has been fully terminated and released and that VIAD CORP was, at the time of said termination and release, the beneficiary of that certain Cash Participation Agreement described in and secured by said deed of trust, and that the lien of the said deed of trust is hereby fully forever released. This is to also acknowledge that VIAD CORP agrees that it will no longer look to the subject property or any successor title holder of the subject property to satisfy any obligation under the Cash Participation Agreement, and that the property secured by the foregoing deed of trust may be transferred and conveyed, and subsequently re-transferred and conveyed, free from the effect thereof.

The property encumbered by said deed of trust is described as follows:

All that certain lot or parcel of land situate and lying in the District of Columbia, and more particularly described as follows:

Lot number 432 in Square numbered 674 in a subdivivision made by the District of Columbia Redevelopment Land Agency, as per plat recorded in Liber 146 at folio 82 in the Office of the Surveyor for the District of Columbia.

WITNESS the hand and seal of the party making this certification this 21st day of December, 2006.

**VIAD CORP**
**a Delaware Corporation**

By: _____
Name: Scott E. Sayre
Title: V.P. - General Counsel
Address: 1850 N. Central Ave Ste 800
Phoenix AZ 85004-4545

State of Arizona
County of Maricopa

This instrument was acknowledged before me on the 21st day of December, 2006 by Scott E. Sayre as V.P. - General Counsel of VIAD CORP.

_____ (SEAL)
NOTARY PUBLIC

MY COMMISSION EXPIRES:
July 23, 2008


OFFICIAL SEAL
NEENA R. SCORSE
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires July 23, 2008

AFTER RECORDING REMIT TO:
COMMONWEALTH LAND TITLE INSURANCE CORPORATION
1015 15th Street, N.W., Suite 300
Washington, DC 20005
F:\Clients\421\14\VIAD Deed of Release 12-11-06d.doc

# DEPOSIT AGREEMENT

THIS DEPOSIT AGREEMENT ("Agreement") is made and entered into this 20th day of December, 2006, by and among MONTGOMERY ROAD I LIMITED PARTNERSHIP ("MRLP"), a Maryland limited partnership, VIAD CORP ("VIAD"), a Delaware corporation, COOTER, MANGOLD, TOMPERT & KARAS, LLP, and BRYAN CAVE LLP. Cooter, Mangold, Tompert & Karas, LLP and Bryan Cave LLP are hereinafter collectively referred to as "Joint Custodians." Reference is made to that certain Cash Participation Agreement executed November 30, 1987 and December 7, 1987 (the "CPA") between MRLP and Transportation Leasing Co. ("TLC"), a California corporation, whose assets are now liquidated. VIAD is the parent company and successor in interest to TLC, and has been assigned TLC's rights under the CPA. The alphabetized terms used in this Agreement, unless otherwise defined, shall have the meanings set forth in the CPA.

1. MRLP and VIAD are parties to ongoing litigation in the United States District Court for the District of Columbia involving the CPA, captioned <u>Montgomery Road I Limited Partnership v. VIAD Corp.</u>, Civil Action 06-00344 (HHK)(the "Litigation").

2. In August and November 2006, MRLP executed various agreements relating to the sale of 90 K Street ("the Sale") with TC MidAtlantic Development, Inc. ("TCMD"). MRLP and VIAD are in disagreement with respect to the amount which MRLP is obligated to pay VIAD under the CPA, if anything, as a result of the Sale.

3. MRLP and VIAD have agreed that, to facilitate the Sale, and in exchange for VIAD's execution and delivery of certain Release Documents described below, MRLP will cause a deposit to be made in the amount of Four Million, Five Hundred Thousand Dollars ($4,500,000) (the "Deposit"), to be deposited and held as collateral for some or all liability of MRLP to VIAD under the CPA, if any.

4. MRLP and VIAD hereby engage the Joint Custodians to serve as escrow agents with respect to the Deposit to be made by MRLP, and Joint Custodians hereby accept such engagement, provided, however, that the parties acknowledge that neither Joint Custodian assumes or accepts any duties, liabilities or responsibilities beyond those each has already assumed as attorney for one of the parties to the Litigation.

5. Joint Custodians agree to place the Deposit into an interest-bearing account (the "Account") in BB&T Bank, under the joint control of Joint Custodians.

6. The Deposit shall be funded by the proceeds of the Sale between MRLP and TCMD, and funds in the amount of the Deposit shall be transferred by MRLP (or at its direction) to the Escrow Account within two business days of the funds being available to MRLP.

7. Interest shall be maintained in the Account until distribution pursuant to future agreement of MRLP and VIAD, or until order of the Court in the Litigation. Any interest accrued on the Deposit shall be shared by MRLP and VIAD in the same proportion that the

Deposit is disbursed under this Agreement, unless otherwise agreed to between MRLP and VIAD, or determined by the Court in the Litigation.

8. Upon final resolution of the Litigation, by final order of judgment or of dismissal or by agreement of the parties, any amount payable to VIAD by MRLP shall be paid by Joint Custodians from the Deposit (to the extent thereof), and any remaining Deposit shall be returned to MRLP (or its assignee).

9. Simultaneously with the execution of this Agreement, VIAD shall deliver to LandAmerica Commercial Services, 1015 15th Street, NW Suite # 300, Washington, DC 20005 (the title company for the settlement of the Sale), the documents attached as Exhibit A (the "Release Documents"), fully executed and notarized. VIAD hereby authorizes LandAmerica Commercial Services to file the Release Documents to effectuate the settlement of the Sale.

10. The creation of the Deposit under this Agreement shall not establish, enlarge, or limit any obligation or liability of MRLP under the CPA. Further, neither the establishment of the Deposit, nor its amount, can be used as evidence of any issue relating to MRLP's obligation under the CPA, or the amount of any obligation. The creation of the Deposit and this Agreement shall not limit, alter, waive or enlarge any argument or legal position taken or to be taken by either party to the Litigation.

11. Copies of all notices given by any party hereunder shall be delivered in person or mailed, postage prepaid, to all other parties hereto, to the following addresses:

| | |
|---|---|
| To MRLP: | Montgomery Road I Limited Partnership<br>c/o Greenebaum & Rose Associates, Inc.<br>5301 Wisconsin Avenue, N.W., Suite 510<br>Washington, DC 20015 |
| with a copy to: | Cooter, Mangold, Tompert & Karas, LLP<br>5301 Wisconsin Avenue, N.W.,<br>Suite 500<br>Washington, DC 20015<br>Attn: Donna S. Mangold, Esquire |
| To VIAD: | VIAD Corp<br>1850 North Central Avenue, Suite 800<br>Phoenix, Arizona 85004-4545<br>Attn: Kenneth P. Goldman |

2

    with a copy to:    Bryan Cave LLP
700 Thirteenth Street, N.W.
Suite 700
Washington, D.C. 20005
Attn: Rodney F. Page, Esquire

    To Joint Custodians:    Cooter, Mangold, Tompert & Karas, LLP
5301 Wisconsin Avenue, N.W., Suite 500
Washington, DC 20015
Attn: Donna S. Mangold, Esquire

Bryan Cave LLP
700 Thirteenth Street, N.W.
Suite 700
Washington, D.C. 20005
Attn: Rodney F. Page, Esquire

12. The instructions contained herein may not be modified, amended or altered in any way except by a writing (which may be in counterpart copies) signed by MRLP, VIAD and Joint Custodians.

13. This Agreement is intended solely to supplement and implement the provisions of the CPA and is not intended to modify, amend or vary the rights or obligations of MRLP and VIAD under the CPA.

14. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument; provided, however, in no event shall this Agreement be effective unless and until signed by all parties hereto.

3

IN WITNESS WHEREOF, the parties hereto have executed this Agreement pursuant to due authority as of the date first written above.

          MONTGOMERY ROAD I LIMITED
          PARTNERSHIP

          By: Montgomery Road, Inc.,
          General Partner

          By: _____
             Samuel G. Rose
             Vice President

          VIAD Corp

          By: _____

          <u>JOINT CUSTODIANS</u>:

          COOTER, MANGOLD, TOMPERT &
            KARAS, L.L.P.

          By: _____
          Donna S. Mangold

          BRYAN CAVE LLP

          By: _____
          Rodney F. Page

4

IN WITNESS WHEREOF, the parties hereto have executed this Agreement pursuant to due authority as of the date first written above.

        MONTGOMERY ROAD I LIMITED PARTNERSHIP

        By: Montgomery Road, Inc.,
        General Partner

        By:_____

        VIAD Corp

        By: *[signature]*

JOINT CUSTODIANS:

COOTER, MANGOLD, TOMPERT & KARAS, L.L.P.

        By:_____
        Donna S. Mangold

BRYAN CAVE LLP

        By: *[signature]*
        Rodney F. Page

## DEPOSIT AGREEMENT

THIS DEPOSIT AGREEMENT ("Agreement") is made and entered into this 29th day of December, 2006, by and among MONTGOMERY ROAD I LIMITED PARTNERSHIP ("MRLP"), a Maryland limited partnership, VIAD CORP ("VIAD"), a Delaware corporation, COOTER, MANGOLD, TOMPERT & KARAS, LLP, and BRYAN CAVE LLP. Cooter, Mangold, Tompert & Karas, LLP and Bryan Cave LLP are hereinafter collectively referred to as "Joint Custodians." Reference is made to that certain Cash Participation Agreement executed November 30, 1987 and December 7, 1987 (the "CPA") between MRLP and Transportation Leasing Co. ("TLC"), a California corporation, whose assets are now liquidated. VIAD is the parent company and successor in interest to TLC, and has been assigned TLC's rights under the CPA. The alphabetized terms used in this Agreement, unless otherwise defined, shall have the meanings set forth in the CPA.

1. MRLP and VIAD are parties to ongoing litigation in the United States District Court for the District of Columbia involving the CPA, captioned <u>Montgomery Road I Limited Partnership v. VIAD Corp</u>, Civil Action 06-00344 (HHK)(the "Litigation").

2. In August and November 2006, MRLP executed various agreements relating to the sale of 90K Street ("the Sale") with TC MidAtlantic Development, Inc. ("TCMD"). MRLP and VIAD are in disagreement with respect to the amount which MRLP is obligated to pay VIAD under the CPA, if anything, as a result of the Sale.

3. MRLP and VIAD have agreed that, to facilitate the Sale, and in exchange for VIAD's execution and delivery of certain Release Documents described below, MRLP will cause a deposit to be made in the amount of Four Million, Five Hundred Thousand Dollars ($4,500,000) (the "Deposit"), to be deposited and held as collateral for some or all liability of MRLP to VIAD under the CPA, if any.

4. MRLP and VIAD hereby engage the Joint Custodians to serve as escrow agents with respect to the Deposit to be made by MRLP, and Joint Custodians hereby accept such engagement, provided, however, that the parties acknowledge that neither Joint Custodian assumes or accepts any duties, liabilities or responsibilities beyond those each has already assumed as attorney for one of the parties to the Litigation.

5. Joint Custodians agree to place the Deposit into an interest-bearing account (the "Account") in BB&T Bank, under the joint control of Joint Custodians.

6. The Deposit shall be funded by the proceeds of the Sale between MRLP and TCMD, and funds in the amount of the Deposit shall be transferred by MRLP (or at its direction) to the Escrow Account within two business days of the funds being available to MRLP.

7. Interest shall be maintained in the Account until distribution pursuant to future agreement of MRLP and VIAD, or until order of the Court in the Litigation. Any interest accrued on the Deposit shall be shared by MRLP and VIAD in the same proportion that the

Deposit is disbursed under this Agreement, unless otherwise agreed to between MRLP and VIAD, or determined by the Court in the Litigation.

8. Upon final resolution of the Litigation, by final order of judgment or of dismissal or by agreement of the parties, any amount payable to VIAD by MRLP shall be paid by Joint Custodians from the Deposit (to the extent thereof), and any remaining Deposit shall be returned to MRLP (or its assignee).

9. Simultaneously with the execution of this Agreement, VIAD shall deliver to LandAmerica Commercial Services, 1015 15th Street, NW Suite # 300, Washington, DC 20005 (the title company for the settlement of the Sale), the documents attached as Exhibit A (the "Release Documents"), fully executed and notarized. VIAD hereby authorizes LandAmerica Commercial Services to file the Release Documents to effectuate the settlement of the Sale.

10. The creation of the Deposit under this Agreement shall not establish, enlarge, or limit any obligation or liability of MRLP under the CPA. Further, neither the establishment of the Deposit, nor its amount, can be used as evidence of any issue relating to MRLP's obligation under the CPA, or the amount of any obligation. The creation of the Deposit and this Agreement shall not limit, alter, waive or enlarge any argument or legal position taken or to be taken by either party to the Litigation.

11. Copies of all notices given by any party hereunder shall be delivered in person or mailed, postage prepaid, to all other parties hereto, to the following addresses:

    To MRLP:        Montgomery Road I Limited Partnership
                    c/o Greenebaum & Rose Associates, Inc.
                    5301 Wisconsin Avenue, N.W., Suite 510
                    Washington, DC 20015

    with a copy to: Cooter, Mangold, Tompert & Karas, LLP
                    5301 Wisconsin Avenue, N.W.,
                    Suite 500
                    Washington, DC 20015
                    Attn: Donna S. Mangold, Esquire

    To VIAD:        VIAD Corp
                    1850 North Central Avenue, Suite 800
                    Phoenix, Arizona 85004-4545
                    Attn: Kenneth P. Goldman

2

|  |  |
|---|---|
| with a copy to: | Bryan Cave LLP<br>700 Thirteenth Street, N.W.<br>Suite 700<br>Washington, D.C. 20005<br>Attn: Rodney F. Page, Esquire |
| To Joint Custodians: | Cooter, Mangold, Tompert & Karas, LLP<br>5301 Wisconsin Avenue, N.W., Suite 500<br>Washington, DC 20015<br>Attn: Donna S. Mangold, Esquire |
|  | Bryan Cave LLP<br>700 Thirteenth Street, N.W.<br>Suite 700<br>Washington, D.C. 20005<br>Attn: Rodney F. Page, Esquire |

12. The instructions contained herein may not be modified, amended or altered in any way except by a writing (which may be in counterpart copies) signed by MRLP, VIAD and Joint Custodians.

13. This Agreement is intended solely to supplement and implement the provisions of the CPA and is not intended to modify, amend or vary the rights or obligations of MRLP and VIAD under the CPA.

14. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument; provided, however, in no event shall this Agreement be effective unless and until signed by all parties hereto.

3

IN WITNESS WHEREOF, the parties hereto have executed this Agreement pursuant to due authority as of the date first written above.

MONTGOMERY ROAD I LIMITED PARTNERSHIP

By: Montgomery Road, Inc., General Partner

By: _____

VIAD Corp

By: _____

JOINT CUSTODIANS:

COOTER, MANGOLD, TOMPERT & KARAS, L.L.P.

By: _____
Donna S. Mangold


BRYAN CAVE LLP

By: _____
Rodney F. Page

4